S. A. KING, ALIAS E. R. WINGATE, v. THE STATE.

*No. 802.   Decided November 29.*

1. **Perjury—Pleading—Variance.**—On a trial for perjury assigned upon defendant's testimony at a trial for swindling a bank by means of a certain draft, which testimony was to the effect that he, defendant, was not in the city at the time the swindle was perpetrated, and the said draft having been set out in the indictment for perjury, was objected to, when offered in evidence, on account of variance:   *Held,* that the allegations with regard to said draft being mere matter of inducement and mainly to identify the transaction, the variance was immaterial.

2. **Argument of Counsel—Abuse of Privilege of—Practice.**—Objectionable remarks of the prosecuting attorney, if promptly withdrawn by the court, with instructions to the jury to disregard and not consider them, will not constitute error where no injury is shown to have resulted.

3. **Evidence—Objections to, not Sustained by the Record—Practice on Appeal.**—Objections to evidence which are not sustained by the record, on appeal, will not be considered.

4. **Perjury — Evidence as to Former Trial.** — On a trial for perjury assigned on testimony in another trial for swindling, where no portion of the former record save the indictment was introduced in evidence: *Held*, that the judicial proceeding as to said former trial is fully established by the testimony of witnesses as to the fact of such trial, where no objections were urged to that manner of proof; and *held* further, that it was not essential that the warrant for arrest be produced in evidence, or the fact be proved that defendant was under arrest when he testified in the case for swindling.

5. **Cumulative Sentence—Remarks of the Court.**—Where, on passing sentence on defendant, the court remarked, "this sentence will begin at the expiration of the sentence which you, the defendant, are now serving out," and it was objected that there was no evidence showing a former conviction and sentence, *held*, in the absence of proof to the contrary, it will be presumed that the court was performing its duty as required by article 800, Code of Criminal Procedure, in regard to cumulative sentences.

APPEAL from the District Court of McLennan. Tried below before Hon. E. R. SCOTT.

A copy of the indictment will show the nature of the most important points involved, as well as the facts which were sustained by the evidence, without the necessity of reproducing the testimony.

Omitting formal averments, the indictment charged, " that on or about 2nd day of December, in the year of our Lord, 1892, and before the presentment hereof, in the county and State aforesaid, in the District Court of said county, then in session, and of which said court the Hon. L. W. Goodrich was then and there the legally qualified judge, there was pending a certain criminal judicial proceeding, wherein the State of Texas was plaintiff, and one S. A. King, alias E. R. Wingate, was the defendant, wherein the said S. A. King, alias E. R. Wingate, was duly and legally charged by indictment with swindling the Waco State Bank, a corporation duly incorporated under the laws of the State of Texas, and doing a general banking business in the city of Waco, McLennan County, Texas, in this, that on the 4th day of August, 1892, by means of false pretenses and devices and fraudulent representations, then and there knowingly and fraudulently made by him to said Waco State Bank, through its president, William W. Seley, did obtain and acquire of said bank, through its said president, the sum of $150, current money of the United States of America, of the value of $150, the personal property of said Waco State Bank, with intent to appropriate the same to his, the said S. A. King's, alias E. R. Wingate's, own use and benefit, in this, that he did then and there falsely and fraudulently represent to said bank, through its said president, that he was the duly authorized agent of the World's Columbian Exposition, a corporation duly incorporated under the laws of Illinois, and having its principal office at Chicago, in said State, and as such agent he had a line of credit with said exposition and with one A. C. Somberg, treasurer of department ' O ' of said World's Columbian Ex-

position, and was acting as advertising agent of said exposition, and was then and there authorized to draw a draft upon said A. C. Somberg, treasurer of said department 'O' of said exposition, for the sum of $150, and that said draft would be paid upon presentation of the same to said A. C. Somberg, treasurer of department 'O' of said World's Columbian Exposition, at Chicago, Illinois, and did then and there falsely and fraudulently, and with intent to cheat and defraud said bank, draw his certain draft on said A. C. Somberg, treasurer of department 'O,' World's Columbian Exposition, in favor of the Waco State Bank, for $150, which draft read as follows, to-wit:

"$150.                              WACO, TEXAS, August 4, 1892.

"Pay to the order of the Waco State Bank one hundred and fifty dollars, and charge the same to the account of ————.    Endorsed on letter of credit number 5, dated July 15, 1892.

"S. A. KING.

"*To A. C. Somberg, Treas. Dep.' O,' Columbian Exposition, Chicago, Ill.*

"And said S. A. King, alias E. R. Wingate, did then and there, through the said false and fraudulent representations made as aforesaid, induce said bank, through its said president, to pay over and deliver to him the sum of $150, and to take and receive from him as security therefor said fraudulent draft, which was received from him by said bank, relying upon the truth of said representations made to said bank by said S. A. King, alias E. R. Wingate, as aforesaid.    All of which said representations were false and fraudulent, and known to be so by S. A. King, alias E. R. Wingate; and said draft was presented for payment to said World's Columbian Exposition, and payment was then and there refused; and in fact there was no such man or person as A. C. Somberg, treasurer of department 'O' of World's Columbian Exposition, all of which representations said S. A. King, alias E. R. Wingate, knew to be false and fraudulent at the time of making the same.    And of which said judicial proceedings the said court then and there had jurisdiction, and wherein issue was then and there duly joined between the said State of Texas and the said S. A. King, alias E. R. Wingate, before the said judge and a jury duly organized to try said issue; and the said S. A. King, alias E. R. Wingate, did then and there personally appear before said court, and did then and there take his corporal oath, and was duly sworn as a witness in said cause, said oath being then and there duly administered to him by Z. F. Beasley, the clerk of said court, who was then and there authorized by law to administer the same, and which said oath was required by law and was necessary for the ends of public justice; whereupon it then and there became and was a material inquiry before said judge and jury in the trial of said judicial proceeding whether on the 4th

Vol. XXXII. Crim.—30

day of August, 1892, he, the said S. A. King, alias E. R. Wingate, was in Waco, McLennan County, Texas, and whether he, the said S. A. King, alias E. R. Wingate, did, on said day and year, sign a certain draft on A. C. Somberg, treasurer of department ' O,' World's Columbian Exposition, Chicago, Illinois, in favor of the Waco State Bank, for $150, and signed S. A. King, which draft was in words and figures as follows, to-wit:

" $150.                      WACO, TEXAS, August 4, 1892.

" Pay to the order of Waco State Bank one hundred and fifty dollars, and charge the same to the account of ———. Endorsed on letter credit number 5, dated July 15, 1892.

" S. A. KING.

" *To A. C. Somberg, Treas. Dep. 'O,' Columbian Exposition, Chicago, Ill.*

"And whether he represented himself to be S. A. King, and was authorized to sign said draft, and draw on said A. C. Somberg, treasurer department ' O,' World's Columbian Exposition, Chicago, Illinois.

"And the said S. A. King, alias E. R. Wingate, did then and there, before said judge and jury, upon the trial of said cause, under the sanction of said oath administered to him as aforesaid, willfully and deliberately state and testify, that ' on the 4th day of August, 1892, I was not in Waco, Texas, and did not sign the draft for $150, drawn on A. C. Somberg, treasurer of department " O," Columbian Exposition, and signed S. A. King. I am not S. A. King. I did not sign the name of S. A. King to the draft, and was in Fort Worth, Texas, on August 4, 1892, and was not in Waco on the 4th day of August, 1892, and did not represent myself to be S. A. King (and did not represent that I was authorized to sign said draft and draw on A. C. Somberg, treasurer department " O," Columbian Exposition, Chicago, Illinois.)' Which said statement was material to the issue in said cause; whereas, in truth and in fact, said S. A. King, alias E. R. Wingate, was in Waco, Texas, on the 4th day of August, 1892, and in truth and in fact did sign the name of S. A. King to the draft for $150, in favor of Waco State Bank, to A. C. Somberg for said amount as aforesaid. Which said statement so made by the said S. A. King, alias E. R. Wingate, as aforesaid, was willfully and deliberately false, and the said S. A. King, alias E. R. Wingate, knew the same to be false when he made it. Against the peace and dignity of the State."

No briefs on file for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was allotted a term of five years in the penitentiary for the crime of perjury.

1. The perjury was assigned upon defendant's testimony on his trial for swindling a bank in Waco by means of a certain draft, and on which trial

he testified that he was not in Waco at the time the money was obtained, but was in the city of Fort Worth. The draft was set out in this indictment, and also offered in evidence on the trial. Objection was urged to it because of a variance. If it be true there was a variance, it was immaterial in this case, because the allegations pertaining to the draft were made as matter of inducement, and for the purpose of identifying the former case and trial only, in which defendant was charged with having committed the alleged perjury. Upon his trial for the swindling, the variance, if any, would have been a question of more or less import, according to the terms of the allegations in said indictment; and had the instrument been set out by its tenor in that indictment, and a variance shown, a reversal in this court upon that conviction might have followed. But it did not constitute any material issue of the perjury assigned in this case. We would remark, however, that the variance is not apparent.

2. The alleged objectionable remarks of the county attorney were, upon objection, promptly withdrawn by the court, and the jury instructed to discard and not consider same. No injury is shown to have resulted. Willson's Crim. Proc., sec. 2321.

3. The objection that the testimony fails to show the court was in session and a judicial proceeding pending at the time the perjury was committed, is not borne out by the record; hence the court did not err in failing and refusing to instruct the jury to acquit upon this ground. The testimony of the witness Taylor, as well as that of Beasley, is emphatic upon this point. The records, except the indictment for swindling, were not introduced in evidence, but these witnesses testify fully to the trial, etc., in the swindling case. There were no objections urged to this manner of proof when it was made. Nor was it necessary to introduce in evidence in this case the warrant for the arrest of the defendant in the swindling case, or make proof that he was under arrest at the time he testified in that case.

4. The court, in passing sentence upon defendant in this case, said to him, "this sentence will begin at the expiration of the sentence which you, the defendant, are now serving out." This was objected to, because there was no evidence introduced showing that he had been convicted of another crime. In the absence of proof to the contrary in this connection, we presume the court was performing its duty as required by article 800 of the Code of Criminal Procedure, in regard to cumulative sentences. But if in fact he was not convicted of the former offense, we are at a loss to know how this remark could injure defendant.

5. The testimony sustains the conviction, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.