TOM DONOHUE v. THE STATE.

No. 6532.   Decided December 14, 1921.

Rehearing denied January 11, 1922.

**1.—Aggravated Assault—Bill of Exceptions—Argument of Counsel—Practice on Appeal—Record on Appeal.**

Where defendant presented to the trial court his bill of exceptions to the argument of state's counsel and the trial court made a written statement thereon that no objection was made to the argument of prosecuting attorney therein complained of, when such argument was made to the jury and that no exception was taken to said argument, and that the same was not allowed or approved as a bill of exceptions, this court cannot consider what purports to be the bill of exceptions accompanied by affidavit to the facts therein stated, and not part of the record.

### 2.—Same—Argument of Counsel—Practice in Trial Court—Affidavit.

If defendant's attorney sat quietly by and permitted argument which he deemed objectionable and did not raise his voice in opposition thereto and took no bill of exceptions and asked no charge requesting the jury not to consider same, this court is without power to consider the matter presented here upon affidavit of counsel.

### 3.—Same—Jury and Jury Law—Separation of Jury—Misdemeanor.

Where appellant complains of the separation of the jury in a misdemeanor case, this court cannot consider same in the absence of an affirmative showing that the separation of the jury did not take place as provided for by Article 746, Vernon's C. C. P.

### 4.—Same—Evidence—Character Witness—Bill of Exceptions—Cross-Examination.

Where nothing appeared in the bill of exceptions or the record which showed that the State, upon cross-examination of a character witness of defendant, had asked her anything reflecting upon the relations of defendant toward her, or his conduct with her, there was no reason that defendant should be allowed to go into his personal conduct toward said witness.

### 5.—Same—Argument of Private Prosecutor—Practice on Appeal.

Where the bill of exceptions did not point out to what statement of the private prosecutor objection was taken, this court cannot consider the same.

### 6.—Same—Sufficiency of the Evidence.

Where, upon trial of aggravated assault, the evidence sustained the conviction, there was no reversible error.

### 7.—Same—Bill of Exceptions—Rehearing—Practice in Trial Court.

Where appellant again insisted that the lower court committed reversible error in not taking action on bill of exceptions to argument of State's counsel, this court might content itself by saying that the correctness of the court's action may not be made an issue when only controverted by the affidavit of appellant's attorney in this court. Following Moore v. State, 47 Texas Crim. Rep., 410. However, this being an important matter of practice, the same will be further discussed.

### 8.—Same—Bill of Exceptions—Practice in Trial Court—Statutes Construed.

Where a bill of exceptions is presented to the trial court which, if merely incorrect, the proper course is indicated by Article 2065, Vernon's Civil Statutes, wherein the court is directed to suggest proper corrections, which, if agreed to, the court may make and the bill thus corrected shall be approved and filed.

### 9.—Same—Bill of Exceptions—Practice in Trial Court—Statutes Construed.

If the corrections suggested in such case be not agreed to, it is directed in Article 2066, of said civil statutes, that the court shall mark such bill "refused" and return it to the counsel, and said court shall then make out and file what he considers a bill of exceptions, showing a correct presentation of the matter involved. And when no bill in lieu thereof has been filed by the court, this court will ordinarily reverse and remand. Following Rosa v. State, 86 Texas Crim. Rep., 646.

### 10.—Same—Bill of Exceptions—Bystander's Bill—Statutes Construed.

In such a case if the court proceeds to file what he considers a correct bill of exceptions, and appellant is dissatisfied therewith, he may proceed to have prepared and file what is denominated a bystander's bill in accordance with the provisions of Article 2067 of said civil statutes.

**11.—Same—Bill of Exceptions—Where no Exception is Made—Motion for New Trial.**

In the absence of a statutory direction in such case, it is suggested that if the accused desires to controvert such statement by the court that no exception was in fact taken, he may raise the issue in his motion for new trial and tender evidence in support thereof, which, if controverted, may then be taken to this court for consideration; but where in the instant case defendant seems to have made no further effort to get the matter into the record and brings his matter here by direct affidavit of his attorney, the same cannot be considered.

**12.—Same—Argument of Counsel—Bill of Exceptions.**

Where this court is not informed by the bill of exceptions to the argument of counsel to which of the remarks of the prosecuting attorney defendant desired to take his bill of exceptions, the same cannot be considered on appeal.

**13.—Same—Statement in Opinion—Practice on Appeal.**

Where this court's statement in its original opinion, that the children of the prosecuting witness were not at home at the time of the occurrence. but should have stated more properly that they were not at the house, the correction is made but has no bearing on the decision reached.

Appeal from the County Court of Floyd. Tried below before the Honorable W. B. Clark.

Appeal from a conviction of aggravated assault; penalty, a fine of $100 and twelve months in the county jail.·

The opinion states the case.

*Kinder, Russell & Griffin,* and *Austin C. Hatshell,* for appelant.— Cited: Davis v. State, 114 S. W. Rep., 366; Jones v. State, 229 id., 865, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Floyd County of aggravated assault, and his punishment fixed at twelve months in the county jail and a fine of $100.

Appellant presents to us for our consideration what purports to be his bill of exceptions No. 5, accompanied by his affidavit to the facts therein stated. An examination of the contents of this document shows that it was presented to the trial court as a bill of exceptions, and that upon same the trial court made a written statement that no objection was made to the argument of the prosecuting attorney therein complained of, when such argument was made to the jury, and further that no exception was taken to said argument, and that the same was not allowed or approved as a bill of exceptions. Accepting the statements of the trial court as being correct, which fact does not appear to be disputed in any part of said purported bill of exceptions, or the affidavits accompanying same, it is clear that there is nothing before us in this connection which we can consider. If the attorney for appel-

lant sat quietly by and permitted argument which he thought objectionable, and did not raise his voice in opposition thereto, and took no bill of exceptions and asked no charge requesting the jury not to consider same, we would be without power to consider the matter as same is here presented.

The separation of the jury is made the subject of complaint. This being a misdemeanor case, the separation of the jury is provided for by Article 746, Vernon's C. C. P. In the absence of an affirmative showing to the contrary, we must presume that said separation was allowed in accordance with the provisions of said article, and that the proper instructions were given the jury and obeyed by them. We cannot accept here as raising objections to the action of the trial court, *ex parte* statements as to conditions and surroundings which, from the standpoint of the appelant, might make the separation of the jury objectionable. Such matter should have been made the subject of an objection to such separation at the time and should have been followed up by proof or offered proof of the fact that by reason of such separation some illegal and injurious matter took place from which injury was reasonably certain. An abuse of the discretion of the trial court in this matter would not ordinarily appear from a statement by appellant of the fact that there was feeling against him, and that the jury might have been exposed to hearing conversations between parties interested.

By his bill of exceptions No. 2 appellant complains that he was not allowed to ask a character witness for the defense, on redirect examination, what appellant's conduct had been toward her. There is nothing in the bill or the record which shows that the State upon cross-examination of said witness had asked her anything reflecting upon the relations of appellant toward her or his conduct with her, and in such case we see no reason why appellant should be allowed to go into his personal conduct toward said witness. Likewise, by appellant's bill of exceptions No. 3 he seeks to show by certain witnesses that when present when lewd conversations were being had, appellant took no part in them and had been heard to express his displeasure at same. We know of no rule of law holding such evidence admissible. Nothing appears in the State's cross-examination of appellant's character witnesses which would in anywise call for or justify such testimony.

Appellant's remaining bill of exceptions is directed at what he characterizes as the remarks of the private prosecutor made during the examination of the prosecutrix as a witness. The bill of exceptions sets forth in question and answer form various things that occurred during said examination, there being remarks made by appellant's counsel, and also by State's counsel, which might have been omitted and the proceedings been more orderly. The particular matter complained of is stated in the bill as follows: It appears that following remarks of both counsel, the attorney for appellant said to the court: "We ask the court not to consider any of the remarks of counsel." The private prosecutor said: "The remarks of counsel on either side—I am willing

to do that. Let the court instruct the jury not to consider the remarks of counsel on either side." Appellant's counsel then said: "I am talking about his; he can make an objection to my remarks, if I have said anything. I would like to ask a ruling of the court." Thereupon the court said: "The motion will be overruled." Appellant's counsel then stated: "We want a bill of exception to the refusal of the court to instruct the jury not to consider the speech of Mr. Martin." This leaves the matter of appellant's complaint in such an indefinite condition as to bring nothing before this court for review. Appellant first asked the court not to consider any of the remarks of counsel, and his last statement was to ask the court to instruct the jury not to consider the speech of Mr. Martin. The bill of exceptions contains probably a dozen remarks of Mr. Martin, private prosecuting counsel. At which of these this motion of appellant is directed we are unable to ascertain.

It is not necessary to state the evidence at length. Prosecutrix was a woman, being the mother of three children, all of whom were away from home on the day of the occurrence, which is the basis of the prosecution. Appellant came to the house and after remaining for some time about the premises, according to prosecutrix, came into the house and grabbed her around the waist and pulled her close to him, and held her until she jerked loose. Conduct of this character would necessarily be exceedingly humiliating and offensive to a good woman, and if the jury believed the testimony we think they were justified in the punishment inflicted.

Finding no error in the record the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

· January 11, 1922.

LATTIMORE, JUDGE.—Appellant files a vigorous motion for rehearing. He insists that error was committed by the lower court in regard to his bill of exceptions No. 5, and that he was deprived of his complaint of hurtful argument of the prosecution in closing its case before the jury. Our discussion of this matter is not satisfactory to appellant. We have again carefully examined his affidavit in the light of this motion. The complaint in this regard does not come before us as a part of the transcript, and the purported bill of exceptions was not filed in the lower court but is here presented originally upon affidavit of appellant's counsel, to which is appended said bill of exceptions No. 5 discussed in the opinion herein. We might content ourselves by saying that the correctness of the court's action may not be made an issue when only controverted by the affidavit of appellant's attorney. Moore v. State, 47 Texas Crim. Rep., 410. But as the question raised is of

90 T. C.—35

some importance as a matter of practice generally, we further discuss same.

In said affidavit it is stated that the bill of exceptions was presented to the trial court, and was retu.._ed to appellant's counsel with the following notation thereon:

"The foregoing bill of exception has been examined and the same.is not allowed nor approved for the reason that no objection was made to the said argument and no exception taken to said argument, and no special request was made by counsel at the time for the court to charge the jury not to consider the said remarks of counsel. This the 8th day of July, 1921.

W. B. Clark, Judge of County Court,<br>Floyd County, Texas."

The affidavit then further states that affiant himself wrote on said bill the following:

"The foregoing bill was presented to the court by counsel for defendant, who insisted that same be filed as written, and that if refused the court file a proper bill ·showing all the facts connected with said argument, complained of in said bill of exception.

W. B. Clark, County Judge<br>Floyd County, Texas,"

which at appellant's request was also signed by the trial judge. Said affidavit further states that appellant then took said bill back· to his office, requesting the clerk of the court to notify him when any bill was filed by the court in lieu of the one so refused, and that no bill was filed by said court, and that appellant was thus deprived of his. bill of exceptions as presented, and also of the privilege of obtaining a bystanders bill as provided by statute. As authority for his contention that he suffered injury which we can correct, appellant cites Jones v. State, 89 Texas Crim. Rep., 6, 229 S. W. Rep., 865. We think appellant misapprehends said authority. The case of Wilson v. State,. 88 Texas Crim. Rep., 337, 224 S. W. Rep., 772, is almost exactly in point and is against appellant. It is difficult, if not impossible in discussing the law applicable to a given state of facts, to so state the principle involved as that other cases may not arise seemingly in conflict. Let us again state what seems a correct rule applicable to facts. such as here appear.

In a given case a bill of exceptions is presented to the trial court; if merely incorrect, the proper course is indicated by article 2065, Vernon's Civil Statutes, wherein the trial court is directed to suggest proper corrections, which, if agreed to, the court may make, and the bill thus corrected shall be approved and filed. If the corrections suggested in such case, be not agreed to, it is directed in article .2066· of said Civil Statutes, that the court shall mark such bill refused and.

return it to the counsel, and said court shall then make out and file what he considers a bill of exceptions showing a correct presentation of the matter involved. When it is shown that a bill is so endorsed as refused, without explanation, and that no bill in lieu thereof has been filed by the court presenting what he considers to be a correct statement of appellant's complaint, this court will ordinarily hold that appellant has been deprived of his bill of exceptions, and will reverse and remand. Rosa v. State, 86 Texas Crim. Rep., 646; Wilson v. State, *supra.*

In such case if the court proceeds to file what he considers a correct bill of exceptions, and appellant is dissatisfied therewith, he may proceed to have prepared and filed what is denominated a bystanders bill in accordance with the provisions of Article 2067 of said Civil Statutes, the supporting affidavits making an issue of fact, which being in the record will be for the determination of this court. However, as intimated in the opinion in the Wilson case, *supra,* it does not seem to have been in the mind of the Legislature or this court in former opinions, that a bill of exceptions will be presented complaining of a matter to which no exception had been taken. In such case, having endorsed on the bill presented him, that same is refused because no such exception was taken, what more could the trial court do? He could not prepare and file what he considered a proper bill of exceptions or any sort of a bill if in fact no exception was taken. If such fact be true, he has already endorsed on the purported bill all that he could say by filing any instrument of his own. In the absence of a statutory direction in such case, we suggest that if the accused desires to controvert such statement by the court that no exception was in fact taken, he may raise the issue in his motion for new trial and tender evidence in support thereof. This may be controverted by the State, and the evidence being presented and preserved as is other testimony heard upon such motions, may be brought here on appeal and by us determined as for or against the contention of the accused, and appropriate decision rendered if it appear that he has been deprived of a bill of exceptions in fact taken by him. This much is said in view of the possible arising of similar unfortunate controversy in future practice in other cases, and in view of the fact that in the Wilson case, *supra,* we stated that appellant accepted as true the endorsement that the bill was refused because no such exception was taken, and the contrary was not made to appear to us by any bystanders bill or other character of attack, except the affidavit of appellant's attorney. Reverting to the instant case, we observe that when the court endorsed on said bill his refusal of same because no such exception was taken, appellant seems to have made no further effort to get the matter into the record, but brings same here by direct affidavit of his attorney, which in no event would be sufficient to bring the matter before us. Moore v. State, and Wilson v. State, *supra.*

Appellant seems to be under the impression that the trial court should have in some way so certified that certain argument of the prosecution

was indulged in, as that we might have such argument before us and decide whether same was inflammatory or not. Unless there was exception taken to the argument when made, the matter could not be considered by us. Subdivision 12, p. 533, Vernon's C. C. P., and collated authorities.

We have again reviewed appellant's bill of exceptions No. 4, but are unable to conclude that we erred in our decision regarding same. A number of remarks of the private prosecuting counsel appear to which objection was made in various ways and upon which no ruling was made by the court, and at the conclusion of all of said remarks appellant's attorney made the observation set forth in our opinion. We are not informed by the bill of exceptions so made up as to which of the remarks of the prosecution appellant finally desired to take his bill of exceptions. It is necessary in order to bring before this court for its consideration an objection, that it be sufficiently specific to enable this court to know at what same is directed.

Appellant further criticizes the opinion of the court because of its statement that the children of the prosecuting witness were not "at home" at the time of the occurrence. It seems that some of the smaller children of the prosecuting witness were about the premises and probably at a granary, and we should have more properly stated that they were not at the house at the time of the occurrence, which took place in the residence of prosecutrix.

Finding no matter set up in the motion which leads us to conclude that we were in error, same will be overruled.

*Overruled.*