## J. L. JOHNSON v. THE STATE.

### No. 7104.  Decided November 8, 1922.

**1.—Murder—Argument of Counsel—Character of Deceased.**

Where, upon trial of murder, the district attorney in his argument to the jury stated: "Gentlemen of the Jury, we could not introduce testimony regarding the character of the deceased or of the defendant. The defendant could have introduced such testimony, but has not done so. I ask you, gentlemen, why?" To which the court immediately sustained an objection, and in writing instructed the jury not to consider said remark. Held, that the same under the facts in the instant case was not reversible error. Following Hunter v. State, 59 Texas Crim. Rep., 430.

**2.—Same—Rule Stated—Reputation of Deceased.**

It has been held that since the reputation of the deceased can only be put in issue by the defense, his failure to introduce evidence, showing such reputation to be bad, may be commented on by the State. Following Coyle v. State, 31 Texas Crim. Rep., 604, and while this court regards such argument as improper in the instant case, same is not reversible error. Following Patterson v. State, 87 Texas Crim. Rep., 106.

**3.—Same—Evidence—Res Gestae.**

Where the deceased before dying exclaimed, "O, Lordy, somebody come and help me, I am lying here dying," just after the gun fired, the same is *res gestae* and properly admitted.

**4.—Same—Witness under Rule—Discretion of Court.**

That a witness had been in the courtroom and had heard the testimony of other witnesses, the rule having been invoked, is a matter addressed largely to the discretion of the trial court, and where the testimony was not material there was no reversible error.

**5.—Same—Evidence—Clothing of Deceased.**

The clothing worn by the deceased evidenced the size and character of hole made by the shot and might have aided in the solution of the issue mentioned, and there was no reversible error.

**6.—Same—Charge of Court—Murder—Malice.**

The exception to the court's charge because same submitted the law of murder was not well taken, the evidence showing that the killing was upon malice.

**7.—Same—Declarations of Deceased—Evidence.**

The rejection of testimony showing on the morning of the homicide deceased had refused to lend his pistol to another party, saying that he was going to need it, was not error under the facts in the instant case.

**8.—Same—Indictment—Malice Aforethought—Words and Phrases.**

The motion in arrest of judgment upon the ground that the indictment alleged that defendant unlawfully and with malice aforethought did kill and murder the deceased by shooting him with a gun was bad because of the use of the word "unlawfully" is not well taken.

Appeal from the District Court of Freestone.  Tried below before the Honorable A. M. Blackmon.

Appeal from a conviction of murder; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

R. G. *Storey,* Assistant Attorney General, for the State. .

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Freestone County of the offense of murder, and his punishment fixed at fifteen years in the penitentiary. There is no brief on file for appellant.

The parties to the killing were negroes. Deceased was walking along the road with a negro girl, Mazarene Peterson. Another negro couple were following them a short distance behind. The record shows that appellant had been keeping company with Mazarene. On the occasion in question riding on horseback appellant overtook the other negroes. According to the State witnesses he ordered deceased to go on up the road. Appellant had a shotgun. Deceased went on up the road as ordered. Appellant jumped off his horse, raised his gun and told deceased to take his hands out of his pockets. Mazarene and the other negroes fled. As they fled appellant fired and killed deceased. After this shot and before his death deceased fired one or two shots from a pistol which he had. Testifying in his own behalf appellant claimed deceased had made threats against him and that when he approached him—at the time of the homicide deceased looked at him and put his hands in his pocket, and that he asked deceased to go up the road; that thinking deceased had something, he got off his horse and came around in front of it and as he did so he pulled the trigger of his gun and shot; that before he shot deceased had snapped his pistol at him; that after he shot deceased the latter shot twice at him with a pistol, one bullet striking his gun and glancing off and going through appellant's clothes. This is a sufficient statement of the facts.

The first bill of exceptions complains of the argument of the district attorney. It is made to appear that said attorney stated: "Gentlemen of the jury, we could not introduce testimony regarding the character of the deceased or of the defendant. The defendant could have introduced such testimony but has not done so. I ask you gentlemen, why?" It is also made to appear that immediately upon the making of such remark objection was made, which was sustained by the court and the court then in writing instructed the jury not to consider said remark. It is not shown what led up to or induced or caused the remark, or that same was not an inadvertent statement. We have held that since the reputation of the deceased can only be put in issue by the defense, his failure to introduce evidence showing such reputation to be bad may be commented on by

the State. Coyle v. State, 31 Texas Crim. Rep., 604. Unless reference to the failure of the defendant to prove his own good reputation is in some way caused by the argument of the defense counsel, we have usually held such references to be improper, but we know of no case which has been reversed solely therefor. In some of the cases State's counsel has been criticised for dwelling at length upon the failure to introduce such proof. Pollard v. State, 33 Texas Crim. Rep., 197; Turner v. State, 39 Texas Crim. Rep., 322. In these cases, however, it will be observed that the trial court refused to sustain the objection of the appellant to the argument, which was very much more extended and emphatic than that contained in appellant's bill of exceptions, and the statements in the opinions of this court that the action was error, seem to be directed at the failure of the trial court to instruct the jury not to consider the improper argument. We regard such argument as improper, but in a case such as that now before us we do not think it of such materiality and so hurtful as that same could not be cured and corrected by the prompt action of the trial court in instructing the jury not to consider same. King v. State, 32 Texas Crim. Rep., 463; Hunter v. State, 59 Texas Crim. Rep., 439; Patterson v. State, 87 Texas Crim. Rep., 106.

A witness testified that after the shotgun fired she heard a voice crying out. Asked what was said by the person so crying out, witness testified: "I will state he was saying: 'O Lordy, somebody come and help me. I am lying here dying.'" The statement was *res gestae* and properly admitted. In Sec. 83 of his Annotated P. C., Mr. Branch, cites many authorities supporting this contention.

That a witness had been in the courtroom and had heard the testimony of other witnesses, the rule having been invoked, is a matter addressed largely to the discretion of the trial court. It appears that the testimony of said witness was for the purpose of identifying the clothing worn by deceased at the time of the homicide. It further appears that the testimony heard by said witness had no relation whatever to said clothing. The matter was within the discretion of the trial judge.

Deceased was shot just above the left hip pocket. The proximity of the parties at the time of the shooting was an issue. The clothing worn by deceased evidenced the size and character of hole made by the shot and might have aided in the solution of the issue mentioned. The admission of the trousers and drawers of deceased through which the shot had gone, was not erroneous.

The exception to the court's charge because same submitted the law of murder, was not well taken. The State's proof amply supported the proposition of a killing upon malice and without justification.

The rejection of testimony showing that on the morning of the homicide deceased had refused to lend his pistol to another party,

saying, "I am going to need it," was not erroneous. It was not shown that deceased expected to meet appellant on that day and there was nothing to indicate either an intention or fear of trouble with appellant, or that deceased expected a need of the pistol in any way connected with appellant. The record reflects the further fact that during the day of the homicide and prior thereto deceased was with appellant and made no attempt to use the pistol.

Appellant moved in arrest of judgment upon the ground that the charge in the indictment that he "did unlawfully and with malice aforethought kill and murder Oliver Scott by shooting him with a gun," was bad because of the use of the word "unlawfully." We are unable to see the force of the contention. If the killing was with malice aforethought it was unlawful, and to so state in the indictment did not vitiate that instrument.

We have carefully considered each ground of this appeal. We think the record devoid of reversible error. The judgment is affirmed.

*Affirmed.*