OSCAR BEARD and LEE HODGES v. THE STATE.

No. 11810. Delivered October 17, 1928.

The opinion states the case.

*E. J. McLeroy* of·Center, for appellants. On impeaching witness by hearsay, appellants cite: Parker v. State, 46 Tex. Crim. Rep. 461; Sapp v. State, 190 S. W. 489; Davis v. State, 155 S. W. 550; Scott v. State, 49 Tex. Crim. Rep. 390; Watson v. State, 52 Tex. Crim. Rep. 172; Morton v. State, 43 Tex. Crim. Rep. 537 and Vann v. State, 45 Tex. Crim. Rep. 445.

On failure to limit impeaching testimony in charge appellants cite: Jackson v. State, 33 Tex. Crim. App. 288; Wilson v. State, 76 S. W. 434; Hargrave v. State, 33 Tex. Crim. App. 454; Mahone v. State, 33 Tex. Crim. App. 388; Sexton v. State, 26 S. W. 833; Bennett v. State, 43 Tex. Crim. Rep. 242 and Branch's Crim. Law Sec. 366.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for five years.

Appellants were jointly tried for the murder of Wash Lee. It was the state's theory, supported by testimony, that appellants lay in wait for deceased at the court house and shot him when he appeared. Shortly prior to the killing, deceased had brutally beaten the aged and decrepit father of appellant, Oscar Beard, with a pistol. At the time of the killing, complaint had been filed against deceased praying that he be placed under a peace bond. When deceased met his death, he was proceeding to the court house with his attorney to answer said complaint. Appellants testified that Lee had threatened to kill them; and that at the time they fired the fatal shots they believed they were in danger of losing their lives, as deceased made certain movements with his hand which led them to believe that he was preparing to execute the threats he had made. It was admitted by the state that deceased was a violent and dangerous man; that he had previously killed his own uncle in the state of Louisiana; that he regularly carried arms; that he had made numerous threats to kill appellants; that he was a man who would carry into execution a threat; that appellants knew all of these things. On the date of the homicide appellants had been summoned to appear as witnesses against deceased. Deceased had threatened to kill them if they testified against him.

The state was permitted over proper objection to ask one of appellants' witnesses if certain third parties had not stated to her prior to the homicide that deceased would be killed and that they were glad of it. Appellants were not present when the purported state-

ment was made. The parties to whom the statement was attributed had no connection with the homicide. The question was improper. The testimony sought to be elicited was irrelevant, immaterial and hearsay.

The argument of the district attorney set forth in bill of exception Number 8 was improper and the court should have instructed the jury not to consider it. The fact that Oscar Beard had been convicted for transporting intoxicating liquor could not properly be considered by the jury, except for the purpose of aiding in passing upon the credibility of said Beard as a witness. It was not proper for the district attorney to insist, in effect, that the circumstance of the conviction should impel the jury to believe that appellant Beard was a bad man generally.

It is shown by bill of exception Number 8a that in his closing argument the district attorney used language as follows:

"My good friend you put them on the stand (meaning the defendants). Why didn't you go into their reputations if you wanted to be fair? Don't you think you ought to have opened up their reputation and given me an opportunity to show what character of men they are down there coming up here and shooting men? I dare you to put Wade Hutto on the stand or old man Beard, and I'll show you who is mixed up in this killing."

Appellants properly excepted to the remarks at the time they were made and requested the court to instruct the jury not to consider them. The request was refused. Reversible error was committed. The argument carried the imputation that appellants were violent and dangerous men. Appellants not having placed their reputations in the respect mentioned in issue, the state would not have been authorized to prove that appellants bore the general reputation of being violent and dangerous men. The argument was unwarranted by the evidence and improper, and in the state of the record, the court having refused to instruct the jury not to consider the remarks of the district attorney, we are driven to the conclusion that such argument was prejudicial. Pollard v. State, 26 S. W. 70. In Johnson v. State, 244 S. W. 1019, this court was concerned with the improper reference by the district attorney to the failure of the accused to prove his own good reputation. The argument on the point was not extended and the court promptly instructed the jury not to consider the improper argument. A reversal was not ordered. Here the improper argument was extended and permitted to go to the jury for consideration.

For the purpose of impeaching Oscar Beard, one of the appellants, the state elicited from him, on cross-examination, that he had been convicted of transporting intoxicating liquor and given a suspended sentence. Appellant properly and timely excepted to the failure of the court to limit this evidence to the purpose for which it was admitted. The exception was overruled. It is the uniform holding of this court that the failure to limit the effect of evidence as to other offenses admitted solely for the purpose of impeaching the accused as a witness is error. Czernicki v. State, 211 S. W. 223; Lanham v. State, 269 S. W. 799.

Other bills of exception are brought forward. As qualified by the court they fail to manifest error.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.