## V. S. CARDWELL v. THE STATE.

No. 12924.   Delivered January 15, 1930.
Reported in 23 S. W. (2d) 381.

The opinion states the case.

*Lon A. Brooks* and *W. E. Martin,* both of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for two years.

Officers searched appellant's residence and found therein a large quantity of intoxicating liquor. Appellant did not take the stand in his own behalf. Appellant's son testified that a bootlegger placed the liquor in his father's home during the absence of his father, he, the son, having agreed with the bootlegger, in consideration of the payment to him of fifty dollars, that the liquor might be stored in his father's home. He said that his father knew nothing about the liquor. He further testified that he became angry with his father because he would not give him some money and advised an officer that the liquor was in his father's home. Appellant's neighbors testified that they were in a position to have known if appellant's place had been visited by numerous people known to be drinking men, and that they had never seen many persons go to appellant's home. They further testified, in substance, that they had not known of appellant having intoxicating liquor in his possession or selling intoxicating liquor.

Appellant's general reputation as to being peaceable and law-abiding was not placed in issue. In his closing argument the district attorney used language as follows:

"We had officers that could testify about the kind and manner of man he was, but you wouldn't open that up for us. Wouldn't you like to know how many times he has been tried in San Antonio, Texas, for bootlegging? How many times he was tried in Dallas for bootlegging? In Laredo? Asking us how many times, when they kept us off of it. What is the action and conduct in the defense in this case you are trying? Court experience before; tried before time and again. I wish you would introduce some evidence of his good reputation. I wish you would try to show it was good, and then try to hoodwink the jury. We had officers up here—they are still here—because they know his reputation, and they want to know what a Jones County jury is going to do with him under this evidence. They will be here—they will be here when this jury comes in, because they know what kind and manner of man he is. If you have got much judgment you will know it too, from the record in this case."

This argument was timely and properly objected to and the objection overruled. The argument carried the imputation that appellant had been convicted in various places for bootlegging; that he had theretofore had previous court experience; and that his general reputation for being peaceable and law-abiding was bad. Appellant not having placed in issue his general reputation in the respect mentioned, the state would not have been authorized to prove that such reputation was bad. The argument was unwarranted by the evidence and improper. Pollard v. State, 26 S. W. 70. Beard v. State, 10 S. W. (2d) 112. Appellant received more than the minimum penalty. In the state of the record, we are driven to the conclusion that the argument was prejudicial.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.