E. S. SMITH AND WALTER BETHUREN v. THE STATE.

No. 14782. Delivered May 18, 1932.
State's Rehearing Denied June 15, 1932.
Reported in 50 S. W. (2d) 804.

The opinion states the case.

*Baker & Baker* and *Dibrell & Starnes,* all of Coleman, for appellant.

*C. L. South,* of Coleman, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, the unlawful transportation of intoxicating liquor; the punishment, E. S. Smith, three years in the penitentiary, and Walter Bethuren, one year in the penitentiary.

The state's witness, Herman Elkins, testified that he saw the appellants, E. S. Smith and Walter Bethuren, transport two half-gallon fruit jars of whisky and hide same under a tree, and then drive off; that after they had driven off, he summoned the sheriff and one Carter Dibrell and showed them where the whisky was hidden.

The sheriff, Frank Mills, and Carter Dibrell testified to being shown the whisky by the witness Elkins and finding it under the tree.

Both appellants denied having any whisky or transporting any whisky, and appellant Smith's wife and a man, who claimed to have left the house with the appellants in an automobile, testified to the same effect.

We find in the record, marked by the presiding judge "Refused," a bill of exception presented by appellants to the remark of the state's counsel in his closing argument to the jury to the effect that the defendants did not put their reputations in issue, and the state could not. The bill recites that exception was reserved to the remark, and that appellant asked the court in writing to instruct the jury to disregard same, which was refused by the trial court. This bill was filed by the clerk and certified by him as part of the record, and it bears evidence of having been presented to the trial judge, who endorsed "Refused" thereon without any explanation for his refusal to allow it. The court did not file what he considered to be a correct bill of exception in lieu thereof signed by him. The appellant is entitled to have the bill considered under the decisions of this court. This court, speaking through Judge Lattimore in the case of Donohue v. State, 90 Texas Crim. Rep., 541, 236 S. W., 86,

lays down, as a correct rule applicable to the facts such as are here presented, the following: "In a given case a bill of exceptions is presented to the trial court. If merely incorrect, the proper course is indicated by article 2065, Vernon's Sayles' Civil Statutes, wherein the trial court is directed to suggest proper corrections, which, if agreed to, the court may make, and the bill, thus corrected, shall be approved and filed. If the corrections suggested in such case be not agreed to, it is directed in article 2066 of said Civil Statutes that the court shall mark such bill "Refused," and return it to the counsel, and said court shall then make out and file what he considers a bill of exceptions, showing a correct presentation of the matter involved. When it is shown that a bill is so indorsed as refused, without explanation, and that no bill in lieu thereof has been filed by the court presenting what he considers to be a correct statement of appellant's complaint, this court will ordinarily hold that appellant has been deprived of his bill of exceptions, and will reverse and remand. Rosa v. State, 86 Texas Crim. Rep., 646, 218 S. W., 1056; Wilson v. State, 87 Texas Crim. Rep., 625, 224 S. W., 772.

"In such case if the court proceeds to file what he considers a correct bill of exceptions, and appellant is dissatisfied therewith, he may proceed to have prepared and filed what is denominated a bystanders' bill in accordance with the provisions of article 2067 of said Civil Statutes, the supporting affidavits making an issue of fact, which, being in the record, will be for the determination of this court."

See, also, McCarty v. State, 107 Texas Crim. Rep., 589, 298 S. W., 575, and Jones v. State, 89 Texas Crim. Rep., 6, 229 S. W., 865, for further discussion of this subject.

It is the contention in said bills that there was no evidence introduced upon the trial by the defendants or by the state as to the reputation of the defendants as not being peaceable and law-abiding citizens, nor as to their reputation for truth and veracity, and the statement and argument of the district attorney so complained of was not responsive or warranted by any statement or agument by the attorney for the defendant and was prejudicial to the defendant as being a direct intimation by the district attorney that the defendants did not dare to put their reputations in issue for the reason that the state would have shown that it was bad. The issue as to whether or not the appellants transported or hid any liquor, testified to by the witness Elkins, was a sharply contested one. The argument and statement of the district attorney was improper and reasonably calculated to be injurious to the appellant, and the refusal of the court, as shown by said bill, to instruct the jury to disregard the same, having been excepted to, calls for reversal of this case. Cardwell v. State, 114 Texas Crim. Rep., 409, 23 S. W. (2d) 381; Pollard v. State, 33 Texas Crim. Rep., 197, 26 S. W., 70; Beard v. State, 110

Texas Crim. Rep., 413, 10 S. W. (2d) 112; Thomas v. State, 83 Texas Crim. Rep., 325, 204 S. W., 999.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.