## W. H. WEBB V. THE STATE.

No. 15805.   Delivered February 8, 1933.
Rehearing Denied March 22, 1933.
Reported in 58 S. W. (2d) 114.

The opinion states the case.

*R. L. Buford,* of Van Alstyne, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, unlawful transportation of intoxicating liquor; the punishment, one year in the penitentiary.

The record is before us without a statement of facts. In a supplemental transcript filed in this court, there appears what purports to be appellant's bills of exception Nos. 1 and 2. What purports to be bill of exception No. 1 complains of the admission of certain testimony over the objection of the appellant. Said bill of exception is marked "Refused" on the grounds that the appellant never objected to the introduction of the evidence, and the appellant went on the stand and testified voluntarily on his direct examination to the same facts.

What purports to be bill of exception No. 2 purports to be an exception to the court's charge. This bill is also marked "Refused" because incorrect, and no such facts as asserted by the bill is shown by the record.

There are no exceptions to either of said statements of the trial judge appended to said purported bills. Where there are qualifications or explanations of the trial court appended to refused bills to the effect that no such proceedings as therein referred to were had, or that no objection or bills of exception were taken, and no exceptions to such qualifications are taken or reserved in any way, the appellate court will be governed by the explanations or qualifications in its consideration of the matters referred to in the bill. See Donohue v. State, 90 Texas Crim. Rep., 541, 236 S. W., 86; Wilson v. State, 87 Texas Crim. Rep., 625, 224 S. W., 772.

The trial court having stated upon said bills that no such exceptions were taken and no such bills reserved, and since the contrary is not made to appear by any bystander's bill, or other character of attack, we cannot consider same.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In an unsworn motion for rehearing appellant avers that he requested of the court a statement of facts, and was assured that one would be furnished him; that appellant was not able financially to procure a statement of facts. No effort has been made to show that appellant availed himself of the provisions of subdivision 6, article 760, C. C. P. (1925).

The motion for rehearing is overruled.

*Overruled.*