## AUSTIN TERM, 1904.

### JUAN CARUSALES v. THE STATE.

No. 2841.    Decided June 24, 1904.

**1.—New Trial—Amended Motion for New Trial.**

It· is within the sound discretion of the court to permit amended motions for new trial to be filed after the time of two days allowed by law has expired, and where an amended motion for new trial, filed after the two days had elapsed for the filing for new trial, was upon motion of the State struck out, there was no error.

#### ON REHEARING.

**2.—Motion for Rehearing—Time of Filing.**

Where a motion for rehearing was received by the clerk of the Court of Criminal Appeals seventeen days after the rendition of the opinion, it will not be considered, the rule and statutes requiring that such motion shall be filed within fifteen days after the rendition of the opinion.

Appeal from the District Court of Nueces.   Tried below before Hon. Stanley Welsh.

Appeal from a conviction of burglary of private residence; penalty, five years imprisonment in the penitentiary.

No statement necessary.

*Delmas Givens* and *D. McNeill Turner,* for appellant.—Defendant having filed his original motion for a new trial within two days after judgment, it was his absolute right, and a right of which he could not be deprived in the "discretion" of the trial judge, to amend, enlarge or strengthen said motion, by amendment filed during the term, and that, too, without giving either reason or excuse for not having filed such amendment within the two days' time limit; but having obtained leave to file such amendment and having presented under oath sufficient and satisfactory reasons why his amendment of his original motion was not filed sooner, it was the duty of the court to consider the same; and in refusing to do so, and in striking out said amendment, the court deprived defendant of a substantial right under the laws and rules of practice in this State, thereby committing reversible error, and this assignment is well taken.   Ransom v. State, 6 Texas Crim. App., 259.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of night-time burglary of a private residence and his punishment assessed at confinement in the

penitentiary for a term of five years. We have carefully examined the charge of the court, and it is altogether applicable to the facts proved upon the trial of the case. The motion for new trial urges various errors, which we do not think are well taken. Appellant filed an amended motion for new trial after the two days had elapsed for the filing of motion for new trial. The court sustained the motion of the district attorney and struck out the amended motion. Under the showing here, there was no error in this. Under article 819, Code of Criminal Procedure, it is within the sound discretion of the court to permit amended motions for new trial to be filed after the two days allowed by law have expired. For collation of authorities on this subject, see sec. 1154, White's Ann. Code Crim. Proc. Furthermore, after a careful review of the amended motion there is no matter relied upon for new trial not urged in the original motion, except what appellant terms newly discovered evidence. We do not think it comes within the rule of newly discovered evidence, and were we to consider said amended motion it would not change the result. No error appearing in the record, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### November 16, 1904.

BROOKS, JUDGE.—The judgment herein was affirmed on June 24, 1904, at the recent Austin term. The motion for rehearing by appellant was received by the clerk of the court at Austin on July 11, 1904—seventeen days after the rendition of the opinion. The motion was forwarded by appellant's counsel to one of the judges of the court for permission to file, but was not received by him in time to be forwarded to the clerk at Austin within the fifteen days. The motion was received by the clerk after the adjournment of the Austin term of the court. Article 1030, Revised Civil Statutes, provides: "Any party desiring a rehearing of any matter determined by said courts may, within fifteen days after the date of entry of the judgment, * * * file with the clerk of said courts his motion in writing for a rehearing thereof, * * * provided that should the court adjourn within less than fifteen days after the rendition of the judgment the motion may be made at such time and in such manner as may be prescribed by rules to be made by the Supreme Court." Rule 64, as prescribed by the Supreme Court, provides: "Where a Court of Civil Appeals adjourns for the term within less than fifteen days after the the rendition of judgment, the issuance of the mandate shall, unless otherwise ordered, be withheld until the expiration of said period; and, if, within that period, an application for rehearing shall be presented to the clerk of the court at that place, the issuance of mandate shall be further withheld to await the action of the court on said application." 94 Texas, 666. Rule 2, prescribed by the Supreme Court for the Court of Criminal Appeals, provides: "The rules governing motions, arguments of counsel, and applications for

certiorari to complete the record as prescribed for the Courts of Civil Appeals shall apply to the Court of Criminal Appeals." Accordingly under the statutes and rules prescribed above, it was the duty of appellant's counsel to prepare motion for rehearing and file the same with the clerk of this court within fifteen days after the rendition of the opinion. Not having done so, the motion can not be considered; and it is therefore stricken from the docket.

*Motion Dismissed.*