PORFIRIO TORES V. THE STATE.

*No. 3082. Decided April 8, 1914.*

Rehearing denied May 6, 1914.

**1.—Murder—Plea in Abatement—Race Discrimination.**

In the absence of a showing, on appeal from a conviction of murder, that evidence was introduced in support of defendant's plea in abatement on account of race discrimination, the matter can not be reviewed.

**2.—Same—Plea in Abatement—Special Judge.**

Where defendant filed a plea in abatement to the indictment alleging that the lawyers who elected the special judge were not practicing attorneys in said court, but the record did not show that any evidence in support of said plea was introduced, the same can not be considered on appeal.

**3.—Same—Severance—Bill of Exceptions.**

In the absence of a bill of exceptions to the action of the court in overruling defendant's motion for severance, the same can not be reviewed on appeal; besides, said co-defendant was used as a witness by the defendant after the case against him had been dismissed by the State.

**4.—Same—Continuance.**

Where the application for continuance failed to. show the materiality of the alleged absent testimony, the same was properly overruled.

**5.—Same—Evidence—Declarations by Defendant.**

Upon trial of murder, there was no error in admitting in evidence the declarations of the defendant while not under arrest. Following Hiles v. State, recently decided.

**6.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions failed to show what facts defendant expected to prove, there was nothing to review on appeal.

**7.—Same—Evidence—Map.**

Where, upon trial of murder, the record on appeal showed that the county map to which defendant objected had been torn in half and placed back together and was the map of said county made by the land office, there was no error in introducing it in evidence.

**8.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions failed to disclose any testimony, the same could not be reviewed on appeal; besides, the evidence objected to was admissible.

**9.—Same—Witness Under Rule.**

Where the witness introduced had not been in the courtroom and had not violated the rule and his testimony was material, there was no error; besides, the bill of exceptions was defective.

**10.—Same—Bill of Exceptions—Qualifications—Remarks by Judge.**

Where the bill of exceptions as qualified by the court presented no error with reference to the remarks by the judge, there was no error.

**11.—Same—Requested Charge—Self-defense—Manslaughter—Intent.**

Where, upon trial of murder, there was no evidence that defendant shot at the party injured for the purpose of scaring him or that defendant acted in self-defense or that manslaughter was in the case, there was no error in the court's failure to charge thereon.

**12.—Same—Argument of Counsel—Bill of Exceptions.**

In the absence of a bill of exceptions showing that State's counsel used the remarks in regard to which special charges were asked, the same can not be considered on appeal.

**13.—Same—Verdict—Misspelling.**

The misspelling of the word "guilty" in the verdict does not vitiate it, the same being sufficiently certain to enter thereon the judgment of conviction.

**14.—Same—Motion for New Trial—Notice of Appeal—Amended Motion.**

In the absence of a motion to withdraw the notice of appeal after defendant's motion for new trial has been overruled, an amended motion for new trial filed thereafter without leave of the court can not be considered, and there was no error in striking the same from the record; besides, the amended motion was not filed within time.

**15.—Same—Rule Stated—Discretion of Court.**

Whether another motion for new trial will be permitted to be filed after the time allowed by law has elapsed, is a matter within the sound discretion of the trial court, and where no abuse of discretion is shown, there is no error.

**16.—Same—Notice of Appeal—Jurisdiction—Motion for New Trial.**

The practice in civil and criminal cases with reference to notice of appeal differs in this: in criminal cases, the jurisdiction of this court attaches and the appeal is perfected when notice of appeal is given in open court and that notice entered of record; and defendant's motion for new trial having been overruled and notice of appeal given, the trial court was without authority to make further orders in the case unless appellant withdrew his notice of appeal, and in that case only could the court give him permission to file an amended motion for new trial and consider the same.

**17.—Same—Case Stated—Jurisdiction—Filing.**

Where the trial court had overruled a motion for new trial and notice of appeal was given and entered of record prior to the time it was sought to file an amended motion for new trial, a paper filed with the clerk, without permission of the court and without withdrawing the notice of appeal would not be a legal filing, and before the court would be authorized to act thereunder, the notice of appeal must be withdrawn, as the jurisdiction attaches to this court; although such notice of appeal could have been withdrawn and reinvested the trial court with jurisdiction during term thereof.

**18.—Same—Record—Indorsement—Leave of Court.**

While the amended motion placed with the clerk recites that leave of the court being first had and obtained, etc., yet the indorsement of the court showing that no such leave was granted controls.

**19.—Same—Misconduct of Jury—Discretion of Court.**

Even if notice of appeal had been withdrawn, we do not think there is presented any error on account of the misconduct of the jury which would authorize this court to hold that the court below abused his discretion under the circumstances in declining to entertain the amended motion for new trial.

Appeal from the District Court of McMullen. Tried below before the Hon. W. W. Walling, Special Judge.

Appeal from a conviction of murder in the first degree; penalty, death. The opinion states the case.

*R. R. Smith* and *Jas. A. Waltom* and *S. B. Kennerly,* for appellant.— On question of amended motion for new trial and misconduct of jury: Early v. State, 51 Texas Crim. Rep., 382, 103 S. W. Rep., 868; Puckett v. Reed, 37 Texas, 308; Blum v. Wettermark, 58 Texas, 125; Grubbs v. Lion & Blum, 62 id., 426; Matthews v. State, 50 S. W. Rep., 368; Ransom v. State, 70 S. W. Rep., 960; Cowan v. State, 49 Texas Crim. Rep., 466, 93 S. W. Rep., 553.

On question of verbal confessions: Cain v. State, 18 Texas, 387; Thomas v. State, 35 Texas Crim. Rep., 178; Greer v. State, 31 Texas, 129.

On question of remarks by judge: Kirk v. State, 35 Texas Crim. Rep., 224; Simmons v. State, 55 Texas Crim. Rep., 441, 117 S. W Rep., 141.

On question of verdict: McGee v. State, 39 Texas Crim. Rep., 190.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—At the time for a regular term of the District Court of McMullen County, the Hon. F. G. Chambliss, judge of said court, being ill and unable to attend court, the members of the bar in attendance on said court elected Hon. W. W. Walling special judge of said court, who opened court, empaneled a grand jury in accordance with law, and the said grand jury at a later day of said term returned an indictment against appellant. The venue of this cause was then changed to Atascosa County, when and where appellant was tried.

Appellant filed a plea in abatement alleging that he was a Mexican by

nativity, and that he had never taken the oath of allegiance, and was only a resident here and not a citizen of this country; that in the organization of the grand jury Mexican citizens of McMullen County were excluded, and discrimination practiced. This plea did not prove itself, and if any evidence was introduced in support of it, the record before us does not contain it. Therefore, the question is not presented to us in a way we can review the action of the trial court in overruling this plea. Again it is claimed that in the drawing of the special venire which was summoned in this case, that Mexican citizens of Atascosa County were excluded "for the purpose of preventing this defendant from having a fair and impartial hearing before a jury of his peers." As before stated, if any evidence was offered in support of this plea and motion, it is not included in the record before us, and for aught this record discloses such plea has no foundation, for citizens of Mexican nativity may have been on the special venire and may have been on the jury that tried appellant. When these pleas were overruled by the court, exceptions should have been reserved, and in the bills the evidence adduced on the hearing should have been included, that we could determine whether or not there was any merit in such pleas. As the matter is presented to us there is nothing for us to review.

Appellant also filed a plea in abatement of the indictment, alleging that lawyers who were not practicing lawyers in such court participated in the election of a special judge, and that Judge Walling was not a resident of the Thirty-sixth Judicial District. Again the matter is presented in a way we can not review it. The plea proves no fact, and if appellant offered any evidence in support of this plea, the record does not contain it. The record of the election of Judge Walling is regular in every respect.

Appellant also asked that Alejandro Sarli, who was also indicted, charged with guilty participation in this offense, be first tried, when the court dismissed the case against Sarli, thus rendering him a competent witness, and he did testify at appellant's request on this trial.

While the above motions and pleas were filed, yet appellant reserved no exception to the action of the court in ruling on either of them. So the matters are not properly presented to this court for us to act on them.

In the first bill in the record appellant contends that the court erred in overruling his motion for a continuance on account of the absence of several witnesses. He states that he desired the attendance of Dr. Jameson, stating that this doctor was the first person to arrive at the scene of the homicide, and "that this defendant nor his attorney have ever been able to learn what was the condition of the body and its surroundings at said time as to arms and otherwise, the nature of wounds, if any, and whether or not there were weapons on or around the body of the deceased." If appellant shot deceased under the circumstances disclosed by this record, the condition of the body and its surroundings, the nature of the wounds, and whether or not deceased had weapons would not be material to his defense. There is in the motion for continuance, or in

the evidence adduced on the trial, no contention that deceased was attempting to use a weapon, or appellant believed he was about to do so. It is true that appellant was not required to testify as a witness on the trial, yet in his application for a continuance he must state such facts as could or would show the materiality of the absent testimony. He states no fact that he can or expects to prove by this witness. He states no fact occurring at the time of the homicide that the testimony of the doctor, whatever it might be, would be material to his defense. Two of the witnesses named in the application attended the trial, while for a third no process had been issued, and as to the others, he states no facts that they would testify to—in no way shows that they would, or he expected to prove by them anything that would or could be material to his defense, consequently the court did not err in overruling the motion.

Polito Vasquez was not an officer of the law, and although the sheriff had requested him to look out for appellant, appellant was not aware of this fact when he went to the camp of Vasquez, and made the statements he did make. Vasquez not having taken charge of him at the time the statements were made, and did no act to lead appellant to believe or suspicion that he intended to do so, or had authority to do so the court did not err in admitting this evidence. Hiles v. State, 73 Texas Crim. Rep., 17, 163 S. W. Rep., 717, and cases there cited.

As bill No. 4 does not show what facts appellant expected to prove by the witness, C. G. Bass, the court did not err in the premises. The bill shows that the rule had been invoked, and Mr. Bass had been in the courtroom, and appellant stated: "We are not going to prove any facts by him; it is expert testimony," and does not disclose upon what issue in the case the "expert testimony" would have a bearing, nor upon what issue he expected to testify.

Another bill shows that "the State offered in evidence two pieces of a map fastened onto a piece of cloth or paper, purporting to be a map of McMullen County, made in 1888 by the Commissioner of the General Land Office of the State of Texas, with unidentified lines thereon purporting to indicate the location of the town of Fowlerton and other points, to which defendant objected, because said instrument was not a whole and complete map, but several pieces of paper tacked on a piece of paper; that said several pieces of paper were so disconnected as to leave nothing to show that the purported map was not half of one map and half of another; and that the same was not so identified as to make it properly admissible for the purpose of proving any fact in dispute." The court in approving the bill states that the map had been torn in half and placed back together, and it is shown that it was a map of McMullen County, made by the Land Office. Under the recitations of this bill herein copied no error is disclosed in the ruling of the court.

Several bills were taken to the testimony of Mr. Frank H. Burmeister. In one bill it is shown that this witness was permitted to testify, being a lawyer in the case, without questions being propounded to him. As

this bill does not disclose any testimony he gave on the trial, of course it is impossible for us to determine that appellant was in any manner injured thereby. To bring the matter before us for review, the bill should disclose the testimony he gave, especially that portion which appellant deemed objectionable. In two other bills it is shown that Mr. Burmeister was permitted to testify that he had received a letter informing him that he had been employed by the Commissioners Court to run the boundary line of McMullen County, because the work of Mr. Goff and Mr. White had been condemned, and that property up to the time testified to by him was taxed by McMullen County. The court in approving these bills stated that Burmeister testified, independently of any letter, that he was under contract with McMullen County to do this work, and that the work had been condemned; that he had served as county surveyor for a number of years and knew the facts testified to by him. Certainly any man can testify he has been employed to do a certain character of work by the county, and had done the work. These are facts within his personal knowledge, and while the contents of the letter were not admissible in evidence, without proving its loss, yet as the witness testified in addition thereto from personal information and knowledge to the same facts, the bill presents no reversible error. The bills do not disclose in any way the materiality of the testimony, or how such testimony could in anywise be hurtful to appellant.

In the bill objecting to the testimony of Mr. Holmes, no portion of his testimony is given, and no fact testified to by him is stated, consequently there is nothing presented for review. However, we will state the court did not err in permitting him to testify, for he had not been in the courtroom, nor violated any rule of the court, and his testimony was pertinent and germane to the issues involved in this case.

In the last bill relating to the introduction of testimony, it is shown that when the witness Humphries was testifying appellant objected to certain portions of his testimony and the court said: "It goes to the impeachment of your witness," to which remark appellant objected. The court in approving the bill states, "Approved with the explanation that defendant was objecting to the testimony on the ground of irrelevancy and insisting on knowing the rule under which such evidence could be admitted." As thus qualified the bill presents no error, and appellant having accepted and filed the bill without excepting to such qualification, he is bound thereby.

There is no evidence suggesting that appellant "shot at Ike Hill for the purpose of scaring him," consequently the court did not err in refusing the special charge presenting this issue. Neither did the evidence adduced on this trial call for a charge on self-defense. There is no testimony that deceased assaulted appellant, or appellant believed that he was in any danger from Hill. All that deceased said was that if he, appellant, did not leave, he, deceased, would go and get an officer, when appellant shot him. The issue of manslaughter is not raised by the

testimony. It is not even shown that there was anger or rage, and the only ground for resentment is that deceased told him he was going to town for an officer to have him arrested on account of his, appellant's, misconduct. This would not be adequate cause in law. There is no exception showing that State's counsel used the remarks in regard to which special charges were asked, therefore, the fact that such remarks were used is not verified in a way to bring the matter before us for review.

The misspelling of the word "guilty" in the verdict does not vitiate it. The verdict was certain and sufficient upon which to enter judgment.

It appears that when the verdict of the jury was returned, appellant's counsel filed a motion asking that they be given additional time to that allowed by law in which to file their motion for new trial, on grounds stated in the motion. This was by the court granted. When the motion was filed it was overruled, and appellant gave notice of appeal to this court. Subsequent to this time appellant filed an amended motion for a new trial, which the court by order entered struck from the record, on the ground it came too late, and no leave had been granted appellant to file it, to which action of the court appellant excepted, and presents the question properly in a bill of exceptions. We think appellant is correct in contending that the trial court has control over its judgments during the term at which such judgment was rendered, and had the court thought proper to do so, upon appellant withdrawing his notice of appeal, the court could have set aside the judgment overruling the motion for new trial, granted leave to file an amended motion, considered same, and took such action as the trial court deemed proper, and if the amended motion was overruled, by again giving notice of appeal appellant could have prosecuted an appeal to this court. But appellant did not take such action. After his motion for new trial had been overruled and notice of appeal given to this court, without leave of the court appellant proceeds to file with the clerk what he terms an amended motion for new trial, in which he does not ask leave to withdraw the notice of appeal theretofore given, nor in the motion does he ask that the order overruling the motion for a new trial be set aside and permission be granted to file an amended motion for a new trial. As thus presented the court did not err in striking the motion from the record, as he had granted no leave to file it. But aside from this, the amended motion not being filed within the time allowed by law, and the court not having considered same, we hardly think we would be authorized to hold he abused his discretion. Whether another motion for a new trial will be permitted to be filed after the time allowed by law has elapsed, is a matter within the sound discretion of the trial court. He can read the motion and application, and if in his opinion he deems that no matter is presented which would authorize him to disturb the judgment, he can decline to permit it to be filed, and the only question then presented to us, from grounds and allegations contained in the motion, is it shown that he has abused the discretion confided to him by law? In this case we do

not think any such showing is made, and the judgment is therefore affirmed.

*Affirmed.*

ON REHEARING.

May 6, 1914.

HARPER, JUDGE.—The motion for rehearing in this case was not received by the clerk until the 27th day of April, four days after the mandate had issued, but inasmuch as the death penalty was assessed we ordered the mandate recalled and permitted the filing of the motion for rehearing, for the members of this court, like all other citizens of Texas, do not desire this extreme penalty inflicted unless the evidence justifies and the record discloses that the appellant has had a fair and impartial trial, and there is no error in the record that could have injuriously affected appellant's rights. We have carefully reviewed the record, and the first contention of appellant is, that the court erred in holding that the jurisdiction of this court attached upon giving notice of appeal and entry made thereof in the minutes, and he cites us to the cases of Wood v. Wheeler, 7 Texas, 13; Puckett v. Reed, 37 Texas, 308; Blum v. Wettermark, 58 Texas, 125, and Freeman on Judgments, in which it is held that courts have jurisdiction over their judgments until the end of the term at which such judgment was rendered. These authorities are in nowise in conflict with the original opinion in this case, but appellant overlooks the fact that *notice of appeal* does not confer jurisdiction on the appellate court in civil cases, but this jurisdiction is conferred by *giving the bond* required by law after notice of appeal has been given and entered of record. Although one in a civil case might give notice of appeal and have it entered of record, yet if he failed to give the bond required by law, or file a pauper's oath in lieu thereof, the notice of appeal would not stay an execution in a civil case, nor would the jurisdiction of the appellate court attach until the appeal bond was filed. However, it is different in criminal cases; the jurisdiction of this court attaches and the appeal is perfected when notice of appeal is given in open court and that notice entered of record. Article 915 of the Code of Criminal Procedure provides that "an appeal is taken by giving notice thereof in open court and having the same entered of record," and article 916 provides that "the effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had until the judgment of the appellate court is received by the court from which the appeal is taken." This question is fully discussed in Quarles v. State, 37 Texas Crim. Rep., 362; Hinman v. State, 54 Texas Crim. Rep., 434, and Nichols v. State, 55 Texas Crim. Rep., 211, and cases cited.

Appellant's motion for a new trial having been overruled, notice of appeal given and entered of record, the trial court was without authority to make any other orders in the case except in those cases wherein the statute specially authorizes it to be done, unless appellant should with-

draw his notice of appeal, then and not till then would the trial court in criminal cases be authorized to give permission to file an amended motion ·for a new trial and consider same, and if the court should then overrule the motion, appellant could again give notice of appeal. As before said, as the trial court had overruled the motion for new trial, notice of appeal given and entered of record prior to the time it was sought to file an amended motion, a paper filed with the clerk, without permission of the court, and without withdrawing the notice of appeal, would not be a legal filing, and before the court would be authorized to act thereon, the notice of appeal must be withdrawn, as the jurisdiction of this court attached when notice of appeal was given and entry thereof made of record, for the jurisdiction of this court when it attaches is exclusive. During the term notice of appeal can be withdrawn by the appellant, and reinvest the District Court with jurisdiction, but even this can not be done after the end of the term.

While the amended motion placed with the clerk does recite "that leave of the court being first had and obtained he files this amended application for a new trial," yet the endorsement of the court on the application shows no such leave was granted, for he says: "This instrument was first presented to the court on the 6th day of December (five days after it bears file marks), and that the instrument was not placed with the clerk until after the motion for new trial had been overruled, exception taken, and notice of appeal regularly entered, and the court declined to consider the instrument for any purpose as coming too late." We can not say the court erred in this matter. No one except appellant could withdraw his notice of appeal entered of record when the original motion for new trial was overruled, and he at no time made this motion nor offered to do so. However, as stated in the original opinion, we. have read the affidavit which is sworn to before one of appellant's attorneys, and this was improper, and we do not think it presents grounds as to the conduct of the jury which would authorize us to hold that the court abused his discretion under the circumstances in declining to entertain the amended motion, even if notice of appeal had been withdrawn. The affidavit does not show that the talking over the telephone took place before the jury had agreed on a verdict, only that the talking took place before the verdict was returned into court, and it is further shown that the officer in charge of the jury was present when the conversation took place and heard all the juror said. This should not have been permitted, but as the matter is presented to us we can not review the action ·of the trial court.

The other grounds in the motion were all passed on in the original opinion, and we think correctly so.

The motion for rehearing is overruled.

*Overruled.*