### O. H. Greer v. The State.

No. 6849.    Decided March 8, 1922.

Rehearing Denied April 5, 1922.

1.—Incest—Misconduct of Jury.

Where upon appeal from a conviction of incest, appellant's motion for new trial alleged misconduct of the jury, and the evidence introduced upon the hearing of the motion did not support the averments to the extent which would authorize a reversal of the case, there was no reversible error. Besides, a remark by a juror about the testimony of some of the witnesses before the final conclusion of the testimony is not cause for reversal. Following Scott v. State, 43 Texas Crim. Rep., 599.

2.—Same—Allusion to Defendant's Failure to Testify.

Where there was no discussion in the jury room as to failure of appellant to testify in his own behalf, and the only reference thereto occurred during the progress of his trial, and one of the juror's said, "I wonder if the defendant will take the witness stand," there being no reply to him, and no further comment was made, there was no reversible error.

3.—Same—Manner of Witness.

It appears to this court that if a juror is sufficiently intelligent to do jury service it would be impossible for him not in some degree, in his own mind, to determine from the appearance and manner of the witness upon the stand, whether such witness was speaking the truth.

4.—Same—Appearance of Defendant.

Appellant was necessarily before the jury during the trial, and if his countenance was not of a prepossessing character, and that the jurors may not have been impressed with his personal appearance, does not authorize this court to reverse the judgment and remand the cause.

5.—Same—Unsworn Statement—Practice on Appeal.

In the absence of a statement of facts, this court cannot consider an unsworn statement, claimed by appellant to have transpired upon the trial.

Appeal from the District Court of Bexar County. Tried below before the Honorable S. G. Tayloe.

Appeal from conviction of incest; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant. ·

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for the crime of incest with his own daughter. Punishment was assessed at ten years confinement in the penitentiary.

No statement of facts accompanies the record. In his motion for new trial appellant avers that the jury was guilty of misconduct in that (a) they discussed and deliberated upon the guilt of appellant before the evidence was concluded, and referred to and discussed the proposition as to whether appellant would go upon the witness stand in his own behalf, and (b) that the jury without any evidence upon the subject closely observed the physiognomy and facial expression of appellant and for themselves determined that he was a criminal.

The evidence introduced upon the hearing of the motion does not support the averments to the extent which would authorize a reversal of the case. Six jurors were examined. The only discussion or comment upon the evidence prior to the retirement of the jury appears to have been as follows: After prosecutrix and another girl had testified in the case one or two jurors remarked that they believed the girls were telling the truth. It is not made to appear whether this was before or after appellant introduced his evidence. In the absence of a statement of facts the court is unable to know whether appellant in truth introduced any evidence at all. However that may be, the comment as shown was not of such a character as to require a reversal. A new trial is not authorized simply because a juror may have discussed or remarked about the testimony of some of the witnesses before the final conclusion of the testimony. Scott v. State, 43 Texas Crim. Rep. 599, 68 S. W. Rep. 177.

There was no discussion in the jury room as to the failure of appellant to testify in his own behalf. The only reference thereto occurred during the progress of the trial when one of the jurors said "I wonder if the defendant will take the witness stand." There seems to have been no reply made to this expression of curiosity on the part of the juror and no further comment was made upon it at that time or at any other time. This was not such reference to the failure of appellant to testify as would require this court to reverse.

In the examination of the jurors stress seems to have been laid upon the point that one or two of them testified that as the witnesses gave their testimony they reached some conclusion as to whether the witnesses were telling the truth. It appears to us that if a juror is sufficiently intelligent to do jury service it would be impossible for him not in some degree in his own mind to determine from the ap-

pearance and manner of the witness upon the stand whether such witness was speaking the truth.

One of the jurors testified that in observing the facial expression of appellant he had reached the conclusion that he had a criminal bent, but that he did not comment thereon nor make his conclusion known to the other jurors and based his verdict solely upon the evidence. He further testified that it had been his custom to appraise the character of men with whom he came in daily contact in business to some extent by the expression of their face and general manner. Appellant was necessarily before the jury during the trial of the case and if his countenance was not of a prepossessing character it was his misfortune, and the fact that some juror may not have been impressed with his personal appearance would not authorize this court to reverse the case for that reason.

The judment of the trial court is affirmed.

*Affirmed.*

### ON REHEARING.

### April 5, 1922.

LATTIMORE, JUDGE.—The case comes before us on motion for rehearing prepared by appellant himself who is evidently not an attorney. The motion is accompanied by an unsworn and unverified statement of the facts claimed by appellant to have transpired upon the trial. There was no statement of facts accompanying the record, and, of course, this court cannot consider the matters contained in what might be termed a letter to us written by appellant. Matters therein contained may be presented and have consideration at the hands of another branch of the State government, but are not in such condition as this court can pass upon same. We have nothing before us that would lead us to conclude that the original opinion was erroneous.

The motion for rehearing will be overruled.

*Overruled.*