Elnora Adams v. The State.

No. 7133. Decided October 25, 1922.

1.—Robbery—Sufficiency of the Evidence.

Where, upon trial of robbery, the evidence is sufficient to sustain the conviction, there is no reversible error.

2.—Same—Amended Motion for a New Trial—Bill of Exception.

Where the amended motion for a new trial, with the exception of one paragraph, related to matters upon which the trial court had already passed and upon which the appellant could, by preparing proper bill of exceptions, invoke a review, there was no necessity for the amended motion for a new trial. Following Sessions v. State, 81 Texas Crim. Rep., 424.

3.—Same—Amended Motion for a New Trial—Rule State—Discretion of Court.

The privilege of filing an amended motion for a new trial is not absolute, but the discretion rests with the trial judge to refuse it, and in the absence of abuse of this discretion, his action will not be reviewed. Following Carusales v. State, 47 Texas Crim. Rep., 1, and other cases.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited Tores v. State, 166 S. W. Rep., 523.

MORROW, PRESIDING JUDGE.—The conviction is for robbery; punishment fixed at confinement in the penitentiary for a period of five years. The Evidence is sufficient to sustain the conviction.

The only bill of exceptions which we find is one which states that "on the —— day of —— there was filed the original motion for new trial and that thereafter, on the —— day of —— appellant prepared and sought leave to file an amended motion;" that the privilege of filing this motion was denied by the trial court. The amended motion, with the exception of one paragraph, relates to matters upon which the trial court had already passed and upon which the appellant could, by preparing proper bill of exceptions, invoke a review in the trial court without the necessity of a motion for new trial. See Sessions v. State, 81 Texas Crim. Rep., 424.

The only paragraph of the amended motion raising a question of fact was one in which the attorney for the appellant made affidavit in these words: " . . . Since the verdict was rendered in this case he had learnerd from—— and from—— jurors whom tried the case, that the failure of the defendant to testify in the case was considered by the jury and commented upon before the filing of their verdict against her."

In the bill complaining of the refusal of the trial court to consider the amended motion, there is no suggestion of any specific evidence introduced or offered tending to support the averment mentioned. The court is unable to determine that any benefit would have accrued to the appellant by filing the motion or that any injury resulted from its denial. The privilege of filing an amended motion for new trial is not absolute but the discretion rests with the trial judge to refuse it, and in the absence of abuse of this discretion, the action will not be reviewed. See Code of Crim. Proc., Art. 839; Vernon's Tex. Crim. Stat., Vol. 2, p. 791; see, also, Carusales v. State, 47 Texas Crim. Rep., 1, 82 S. W. Rep., 1038; Kinney v. State, 144 S. W. Rep., 257; Tores v. State, 74 Texas Crim. Rep., 37, 166 S. W. Rep., 523; Siars v. State, 63 Texas Crim. Rep., 567; State v. Brooks, 92 Mo., 542, 5

S. W. Rep., 257; State v. Dusenberry, 112 Mo., 277, 20 S. W. Rep., 461.

Finding no error in the trial, the judgment is affirmed.

*Affirmed.*