## V. S. CARDWELL v. THE STATE.

No. 14341.   Delivered October 28, 1931.
Rehearing Denied January 23, 1932.

The opinion states the case.

*J. F. Cunningham, Lon A. Brooks, Oliver Cunningham,* and *W. E. Martin,* all of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Possessing intoxicating liquor for the purpose of sale is the offense; the punishment, confinement in the penitentiary for four years.

This is the second appeal in this case; the former is reported in 114 Texas Crim. Rep., 409, 23 S. W. (2d) 381. The facts set out in said opinion are substantially the same facts disclosed on this trial.

Officers, operating under a search warrant, searched appellant's residence and found therein a large quantity of intoxicating liquor. The state's witness testified that there was between 50 and 60 gallons of whisky in the house. They found part of the whisky upstairs and part of it downstairs in a closet. Appellant did not take the stand in his own behalf. Appellant's son testified that a bootlegger placed the liquor in his father's house in the absence of his father, he, his son having agreed with the bootlegger, in consideration of a payment of $50, that the liquor might be stored in his father's house. He testified that his father knew nothing about the liquor. He testified that he permitted the liquor to

be placed in the house because he was angry with his father since he would not give him some money, and that he advised an officer that the liquor was in his father's home.

By bills of exception Nos. 1 and 2, the appellant complains of the refusal of the trial court to permit him to file an amended motion for a new trial. It appears from the record in this case that the appellant was convicted of the offense charged in the indictment on the 3rd day of November, 1930; that a motion for a new trial was filed by appellant on November 5, 1930, and said motion was heard at the request of appellant on November 6, 1930. On said date, appellant's motion for a new trial was overruled and he gave notice of appeal. On the same date, the court fixed appellant's recognizance at $4,000 which was entered into on the same day by appellant and he was released from custody. On November 25, 1930, during the term at which appellant was convicted and while the court was in session, appellant made and filed his notice of withdrawal of his appeal in this case and offered to submit himself to the jurisdiction of the court for such orders as the court might deem proper. On the same day, the defendant made and presented to the court his written request for permission to file his amended motion for a new trial. This amended motion for a new trial was verified by the affidavit of the defendant and was attached to the said request of the defendant for permission to file the same. The ground set up in said amended motion was because the evidence was insufficient to support the verdict of the jury and because the jury, in their retirement and before arriving at their verdict and fixing the amount of punishment to be assessed against appellant, discussed the failure of the defendant to testify in his own behalf in this case. Attached to said motion are the affidavits of three jurors.

The motion further alleged that these facts were not known to defendant when his original motion for a new trial was overruled and when he gave notice of appeal in this case, but that he had learned of them since that time. He alleged that he had not been negligent in discovering the existence of such facts because on the next morning after his conviction his counsel procured a Mr. Lloyd McCarty, who was a friend of one of the jurors, Mr. Holland who lives in Abilene, to talk to Mr. Holland and inquire of him if any such discussion was had or other matters occurred outside of the record of the case. Said motion alleged that said juror informed McCarty that no such conduct had occurred. That after that, either on the same day or the next day, Mr. Oliver Cunningham, counsel for the defendant, went to juror Abernathy, who lives in Merkel, and inquired of him concerning whether or not any such discussions had taken place, or whether the jury had considered in their deliberations any matters not in evidence, and said juror was alleged to have stated that he did not remember any such matters occurring. In said

motion, defendant claimed that he was misled thereby and it was only after his original motion for new trial had been overruled and after he had entered into his recognizance on appeal that he discovered by inquiry among other jurors, who lived away from Abilene, that such discussions had occurred. That after his motion for new trial was overruled, defendant returned to his home near San Antonio, Texas, and on the way home he sustained an injury which resulted in breaking his arm in two places and that on November 25th was the first day he had been able to travel and come to court.

The affidavits of the three jurors attached to said amended motion for new trial were to the effect that when the jury retired to consider their verdict, after discussing the case, they took a ballot and all voted that defendait was guilty. That after that the question as to punishment came up, some of the jurors being in favor of a punishment of one year, others for a higher term, and some of them were in favor of giving the defendant five years. The juror Curb in his affidavit stated that he heard one of the jurors, during their deliberations, say that defendant did not even get on the stand and testify in his own behalf; that he thought the juror was a Mr. Porter but was not certain. Another juror, J. W. Moore, who said he was slightly hard of hearing, in his affidavit stated that one of the jurors said defendant did not even get on the stand and testify. He did not know the name of the juror, but believed he lived in a southern part of the county. Another juror, Carl Baccus, in his affidavit stated that some of the jurors discussed the fact that defendant did not testify in his own behalf and said that the defendant did not get on the stand and testify in his own behalf. He did not remember the names of the jurors.

Since the case of Bankston v. State, 80 Texas Crim. Rep., 629, 192 S. W., 1064, it has been uniformly held by this court, whenever the question arose, that the trial court has jurisdiction of its orders, judgments, and decrees during the term of court during which the orders, judgments, and decrees were entered, with the power to dispose of them as right and justice might suggest. Bundick v. State, 59 Texas Crim. Rep., 9, 127 S. W., 543; Ex parte Maples, 116 Texas Crim. Rep., 383, 33 S. W. (2d) 734; Hanks v. State, 99 Texas Crim. Rep., 218, 269 S. W., 106.

In the case of Alvarado v. State, 83 Texas Crim. Rep., 181, 202 S. W., 322, it is stated that the general rule may be stated that the filing of an amended motion for new trial is within the sound discretion of the trial court and unless error is shown of a substantial nature, this court will not revise the ruling, but this is not the invariable rule. Where the amended motion for new trial does show serious or substantial error, the court should not exercise his discretion unfavorably to a fair trial and such action under such circumstances will be reversed by this court.

In Adams v. State, 92 Texas Crim. Rep., 468, 244 S. W., 532, it is stated that the privileges of filing an amended motion for new trial is not absolute, but the discretion rests with the trial judge to refuse it and in the absence of abuse of this discretion, the action will not be reviewed. The following cases are cited in support thereof: Carusales v. State, 47 Texas Crim. Rep., 1, 82 S. W., 1038; Kinney v. State, 65 Texas Crim. Rep., 251, 144 S. W., 257; Tores v. State, 74 Texas Crim. Rep., 37, 166 S. W., 523; Siars v. State, 63 Texas Crim. Rep., 567, 140 S. W., 777.

In the case of Manley v. State, 92 Texas Crim. Rep., 537, 244 S. W., 533, 534, Judge Hawkins, in rendering the opinion, said: "To be good ground for a new trial, there must be more than an allusion by the jury to a defendant's failure to testify. It must be shown that the jury discussed the failure to testify to such an extent that it appears they took such failure as a circumsance against him."

Citing Leslie v. State (Texas Crim. App.), 49 S. W., 73; Mason v. State (Texas Crim. App.), 81 S. W., 718; Parrish v. State, 48 Texas Crim. Rep., 347, 88 S. W., 231; Jenkins v. State, 49 Texas Crim. Rep., 457, 93 S. W., 726; Johnson v. State, 53 Texas Crim. Rep., 339, 109 S. W., 936; Powers v. State, 69 Texas Crim. Rep., 494, 154 S. W., 1020; Pullen v. State, 70 Texas Crim. Rep., 156, 156 S. W., 935; Howard v. State, 76 Texas Crim. Rep., 297, 174 S. W., 607; Greer v. State, 91 Texas Crim. Rep., 426, 238 S. W., 924.

From a careful perusal of the affidavits of the jurors attached to said amended motion for new trial, it does not appear that whatever allusion made by any of the jurors to the failure of the defendant to testify was anything more than a casual one, and from said affidavits we do not believe that such failure was taken by any of the jurors as a circumstance against the appellant in passing upon the case.

We are aided in our belief that any allusion that might have been made as to the failure of the defendant to testify was but a casual one and it was not taken as a circumstance against him by the jury in arriving at their verdict by the fact, as stated in appellant's amended motion for new trial, that two jurors other than those making affidavits, when approached the next morning after the trial, one is shown to have stated that no such thing occurred, and the other that he had no recollection whatever that defendant's failure to testify was mentioned.

Bill of exception No. 3 complains of the receipt in evidence of the search of appellant's automobile and what was found therein. The bill shows that after the search of appellant's house under a search warrant, which resulted in the finding of intoxicating liquor, empty bottles, and certain equipment which the state contended was possessed by all, all the officers who participated in the search left, except the sheriff and a policeman by the name of Hall. That said officers remained on appellant's

premises awaiting appellant's return thereto. The appellant and his wife not being present at the time of the search. The evidence objected to was substantially as follows: "When appellant drove up to his place in his car, his wife was with him; when he stopped his car, it was about even with the back porch on the north side of the house. The car was driven in through the gate into the yard on his premises. When the officers started to search the car, appellant's wife took a case or carton out of the car and ran into the house with it. That when the officers searched the car, they found therein some 10 cartons of empty bottles between the front and back seats of the automobile."

The receipt of this testimony was objected to on the ground that the search warrant that the officers had did not authorize them to search said car and that they did not have a warrant for the arrest of the defendant. It is believed that the facts developed are sufficient to meet the measure of the law as to probable cause being shown for the search, without a search warrant, of said car. The search of the automobile had not begun when the wife of appellant took the carton of bottles from the car and ran into the house. This taken together with the other facts and circumstances which had come to the knowledge of the officers were sufficiently strong to warrant a cautious person in the belief that appellant was transporting intoxicating liquor in his automobile in violation of the law. See Battle v. State, 105 Texas Crim. Rep., 568, 290 S. W., 762; Borders v. State, 115 Texas Crim. Rep., 35, 27 S. W. (2d) 173; Murray v. State, 115 Texas Crim. Rep., 79, 29 S. W. (2d) 355.

Finding no reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The refusal of the trial court to permit appellant to file a second motion for new trial three weeks after the first motion had been acted upon at appellant's request, and a recognizance then made,—forms the basis of this motion.

The court below had power to allow such filing during the trial term of his court, under the authorities cited in our opinion herein, but was not compelled to do so, and unless it be shown that his refusal amounted to an abuse of his discretionary power, we would uphold his action.

A request to allow the filing of a motion for new trial after entry of an order refusing such new trial, is unusual, and is not provided for by any statute. It would seem fair and equitable to the court below that a call upon him to consider such motion in a situation of this kind, would seem to demand a full and complete showing in the application

for leave to file such second motion of grounds adequate to call for the granting of said motion. This being a felony case, it necessarily followed that twelve jurors sat on the trial. The ground set up in the request for leave to file a second motion, was misconduct of the jury in retirement. The affidavits of only three jurors were attached to the motion, which motion showed that interviews had been had with two other jurors whose statements as to what occurred in the jury room were at variance with the statements contained in the three affidavits. The statements in the three affidavits were not of themselves sufficient to require the granting of a new trial in the first instance, and certainly were not enough when presented under the circumstances appearing. No reason is advanced for not having secured the affidavits of the other seven jurors. Necessarily they live in the county. Ample time had elapsed since the trial. The affidavits of the three jurors, attached to the application, were of date November 7th and 8th. The application was not presented to the court below until November 25th. The affidavits of the jurors attached to the application were no further than to say that it was mentioned in the jury room that appellant did not even take the witness stand and testify. This is almost the identical statement made in the jury room in the Manley case, cited in our opinion, supra. The reference by one of the jurors, as set out in one of said affidavits, to the fact that the number of years given appellant at a former trial was referred to in the jury room was not shown, either in the affidavits or the application for permission to file a new trial, to be unwarranted by testimony heard upon the trial. All these facts were before the trial court, and for his consideration at the time he refused the application. We are still not able to see how he abused his discretion in the premises.

The motion for rehearing will be overruled.

*Overruled.*