TWIN SYNAGOGUE V. THE STATE.

No. 15673. Delivered November 16, 1932.
Rehearing Denied January 11, 1933.
Reported in 55 S. W. (2d) 1052.

The opinion states the case.

*David E. O'Fiel*, of Beaumont, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is rape; penalty assessed at confinement in the penitentiary for five years.

The offense charged is rape upon a female under the age of eighteen years; also rape by force. The alleged injured party was L. O. D. Frank.

A plea of guilty was entered. An application for a suspended sentence was filed. There was a general verdict of guilty of rape.

The appellant prepared and sought to file a motion for new trial. The case was tried January 22, 1932, and a verdict rendered on the same day. On March 21, 1932, the appellant presented to the clerk for filing a motion for new trial. The court declined to permit the filing of the motion or to consider it. The motion was supported by the appellant's affidavit and that of several others. In the motion it is claimed that his plea of guilty was inadvertently entered and that he desired on another trial to enter a plea of not guilty. It is averred that the appellant was only eighteen years of age, of French extraction, but slighty acquainted with the English language, was unable to read or write in said language, and was unfamiliar with the court proceedings; that he was in jail at the time his trial was called; that his relatives (father, mother, sisters, and others) were not aware of the setting of the case. He claimed that upon his arrest he employed an attorney and paid him $22, such being all the money possessed by the appellant, and that at the time of the trial he was unable to procure additional money; that he was advised by his attorney to plead guilty and

ask for a suspended sentence, which he did. He was admonished by the court touching his rights and the consequence of the plea of guilty.

Appellant contends in the motion for new trial that he was not guilty, asserting that his relations with the prosecutrix were entered into voluntarily upon her part, and that she was above the age of eighteen years. There is attached to the motion the affidavits of a number of witnesses, whose testimony, if believed, would tend to lead to the conclusion that the prosecutrix was above the age of eighteen years at the time the offense is charged to have been committed.

It is to be noted that in the indictment there are two counts: one charging rape by force; the other implying consent. The evidence heard upon the trial, as it appears before this court, embraces no details concerning the transaction upon which the verdict is based. This court does not know whether the offense of which the appellant was convicted was rape by force or rape by consent of a female under eighteen years of age. If rape by force, the affidavits attached to the motion for new trial would be of little consequence. They all relate to facts and circumstances tending to show that the age of the prosecutrix was more than eighteen years.

The right to file and have heard a motion for new trial is deemed absolute, provided the right is asserted within the time specified by law. See article 755, C. C. P., 1925, in which the following appears: "A new trial must be applied for within two days after the conviction; but in felony cases for good cause shown, the court may allow the motion to be made at any time before the adjournment of the term at which the conviction was had."

There appearing in the present case no abuse of the discretion of the court in refusing to consider the appellant's motion for new trial, and no indication that he arbitrarily declined to consider any excuse for delay, this court is not authorized to interfere with the judgment. See White v. State, 10 Texas App., 167; Hernandez v. State, 18 Texas App., 134; Kitpatrick v. State, 85 Texas Crim. Rep., 172; Cardwell v. State, 119 Texas Crim. Rep., 186, 44 S. W. (2d) 681, and other cases collated in Vernon's Ann. Tex. C. C. P., 1925, vol. 3, pp. 55 and 56.

Upon the record before us, we are constrained to order an affirmance of the judgment, which is accordingly done.

*Affirmed.*