## MACK COOPER v. THE STATE.

No. 22730. Delivered December 15, 1943.

The opinion states the case.

*Bert G. Ashby,* of Dallas, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is the possession of whisky in a container to which no tax stamp had been affixed. The punishment was assessed at confinement in the county jail for a period of 60 days and a fine of $250.00.

Appellant seriously contends that the court erred in two respects: First, in declining to grant his motion protesting the entry of the judgment of conviction on the minutes of the court for the reason that appellant was not given a public trial as provided by Section 10 of Article 1 of the Constitution, and Article 518, C. C. P.; and second, because the court declined to hear and consider his motion for new trial.

We will undertake to dispose of the questions in the order in which they are presented. The record shows that when appellant was arrested for the offense charged, he was placed in jail. The next day he was escorted to the office of the county judge, where he waived a jury and entered a plea of guilty. After the court had received the plea of guilty and assessed the punishment as above stated, appellant obtained the services of an attorney who, four days after the court had pronounced judgment but before the same was entered upon the minutes, filed a motion protesting the entry of the judgment upon the minutes because appellant was not given a public trial but was given a trial in the judge's private office. The court, upon the hearing thereof, dismissed the same together with appellant's motion for new trial. It is our opinion that there was no error in the trial court's action for the reasons stated in our opinion this day delivered in the case of Tischmacher v. State, (Page 464 of this volume). The motion for new trial was not filed within two days as provided by Art. 755, C. C. P., and no valid reason is given for the delay. Therefore, in the absence of a showing that the trial court abused his discretion in declining to consider the motion, this court is not authorized to interfere with the judgment of conviction. See Synagogue v. State, 122 Tex. Cr. R. 472, and cases there cited.

No reversible error appearing in the record, the judgment of the trial court it affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.