Jose Hernandez **PENA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–89–031–CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 23, 1989.

Joseph A. Connors, III, McAllen, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

OPINION

PER CURIAM.

Appellant has filed in this Court a motion to extend the time for filing an amended motion for new trial. We dismiss the mo-

tion, determining that a court of appeals lacks jurisdiction to grant the motion.

Tex.R.App.P. 31 addresses the times for filing and amending motions for new trial. Rule 31(a)(2) provides:

> (2) To Amend. Before a motion or amended motion for new trial is overruled it may be amended and filed without leave of court within 30 days after the date sentence is imposed or suspended in open court.

Tex.R.App.P. 31 is substantially the same as former Tex.Code Crim.Proc.Ann. art. 40.05(b) which provided:

> (b) One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within 30 days after the date sentence is imposed or suspended in open court.

Acts 1965, 59th Leg., p. 317, ch. 722. Amended by Acts 1981, 67th Leg., p. 803, ch. 291. Repealed by Acts 1985 69th Leg., ch. 685.

■ Former article 40.05(b) and Rule 31(a)(2) mentioned "leave of court" without specifying from which court the leave did not have to be obtained. Historically, as noted below, this phrase referred to the trial court. Currently, however, to which court the phrase refers appears immaterial because no amended motion can be filed after the 30 day period, even with leave of court.

In interpreting art. 40.05(b), the Court of Criminal Appeals held that the motion for new trial could not be amended after the mentioned 30 day period, even with leave of court. *Dugard v. State*, 688 S.W.2d 524 (Tex.Crim.App.1985); *See Drew v. State*, 743 S.W.2d 207 (Tex.Crim.App.1987). *Contra, Sweeten v. State*, 686 S.W.2d 680 (Tex. App.—Corpus Christi 1985, no pet.). Since Rule 31(a)(2) is substantially the same as former art. 40.05(b), Dugard is persuasive authority for interpretting Rule 31. A motion for new trial may not be amended after the 30 days.

■ Even if it could be amended, the proper court to extend the time would be the trial court and not the court of appeals. Before 1981, the Code of Criminal Procedure allowed the time for amended motions to be extended, and the authority to extend the time rested with the trial court. *See Drew*, 743 S.W.2d at 207; *Cardwell v. State*, 119 Tex.Cr.R. 186, 44 S.W.2d 681 (1931).

In addition, we are not aware of any instance where an appellate court has the authority to rule on matters over which the trial court has jurisdiction during the pendency of a trial. A "trial" is not concluded until the issues of law and fact have been determined and a final judgment entered. *Goode v. State*, 740 S.W.2d 453 (Tex.Crim. App.1987). While a motion for new trial is pending, the judgment is not final.

Appellant's motion is dismissed.