**Ex parte Jimmy Lee DONALDSON, Applicant.**

No. 74334.

Court of Criminal Appeals of Texas, En Banc.

Oct. 2, 2002.

L. Van Williamson, Amarillo, for appellant.

Richard J. Roach, DA, Pampa, for state.

PER CURIAM.

The applicant pleaded guilty to a charge of indecency with a child, and the trial court placed him on six years' probation on May 10, 1993. Because the applicant had incurred new federal charges, the State filed a motion to revoke his probation in 1996. The State moved to dismiss the motion to revoke probation in April, 1998, because the applicant had served time in federal prison for "related crimes" and the State no longer wished to prosecute. The trial court granted the State's motion to dismiss on April 14, 1999. On May 10, 1999, the applicant's probationary period expired with no motion to revoke pending.

Two days later, the trial court entered an "Order Vacating Prior Order of Dismissal," purportedly reinstating the initial motion to revoke probation. On November 12, 1999, the trial court held a hearing and, finding that the applicant had violated the terms and conditions of his probation, revoked his probation and sentenced him to six years' confinement in the Texas Department of Criminal Justice, Institutional Division.

The applicant filed an application for writ of habeas corpus alleging that the trial court had no jurisdiction to revoke his probation.[1] On remand from us, the trial court cited Rule of Civil Procedure 329b(d)[2] as the source of its "plenary power" to continue to exercise jurisdiction over the applicant after his probationary period expired. We filed and set the application to decide whether this rule or any other law confers on the trial court jurisdiction over a defendant whose probationary period has expired with no revocation process pending.

██ Code of Criminal Procedure Article 42.12, section 21(b) provides that "at any time during the period of community supervision the judge may issue a warrant for violation of any of the conditions of the community supervision and cause the defendant to be arrested." On its face, this statute implies that the trial court's authority to revoke a probationer's community supervision ends when the probationary period expires.

██ We have held that, under certain circumstances, the trial court may revoke probation after the period expires. These holdings address the situation in which a probationer is arrested and the revocation hearing is held outside the probationary period. We have long held that a trial court has jurisdiction to hear a motion to revoke in this situation as long as the motion was filed, and a warrant or capias properly issued, during the probationary period.[3] The reason for allowing jurisdiction to continue is that to hold otherwise would reward an absconder who is able to elude capture until his probationary period expires.[4] The probationer may, however, raise the State's lack of due diligence in executing the warrant for his arrest as a plea in bar to the motion to revoke his

---

**1.** The applicant's parole ended on May 6, 2002, but he continues to be "confined" by the collateral consequences of a felony conviction. *See* TEX.CODE CRIM. PROC. art. 11.07, § 3(c).

**2.** Rule 329b(d) states that "the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."

**3.** *Prior v. State,* 795 S.W.2d 179, 184 (Tex.Cr. App.1990); *Stover v. State,* 365 S.W.2d 808 (Tex.Cr.App.1963); *Ex parte Fennell,* 162 Tex. Crim. 286, 284 S.W.2d 727 (1955).

**4.** *Peacock v. State,* 77 S.W.3d 285, 287 (Tex. Cr.App.2002); *Prior,* 795 S.W.2d at 183.

probation.[5] That the State's due diligence is an issue which must be raised by the probationer at the revocation hearing illustrates that it is not a jurisdictional requirement.

The applicant does not allege that the State failed to exercise due diligence in apprehending him, but these cases are instructive because they articulate requirements for a trial court's jurisdiction to continue after the probationary period expires: 1) timely filing of a motion to revoke probation and 2) timely issuance of a warrant or capias. In *Ex parte Fulce*[6] we held that, in the absence of these requirements, the trial court has no jurisdiction, and all actions taken after the date that community supervision expires are void.

The record shows that a capias issued, and was executed, during the probationary period. The applicant, however, was arrested again after his probationary period expired, and there was no new capias to support this arrest. And was the requirement of a motion to revoke probation satisfied? Indeed, the State *filed* such a motion during the probationary period, but it was dismissed at the State's behest and there was no motion on file when the applicant's probationary period expired.

■ We now consider whether the trial court's post-probationary-period order reinstating the motion to revoke was effective. Rule of Civil Procedure 329(b)(d) provides no basis for the trial court to issue this order because these rules do not apply in criminal cases.[7] We cannot find any law which confers upon the trial court plenary power to issue this order.

The applicant's probationary period expired without a pending motion to revoke. Under *Fulce,* any action taken after that was without jurisdiction. Both the trial court's order purporting to reinstate the motion to revoke probation, and the trial court's order revoking the applicant's probation, were entered outside the probationary period and were thus made without jurisdiction.

Relief is granted. The applicant is discharged from all "confinement" in this cause.

KEASLER, J., filed a concurring opinion in which KELLER, P.J., and HERVEY, J., joined.

KEASLER, J., filed this concurring opinion joined by KELLER, P.J., and HERVEY, J.

### *OPINION*

I join the Court's opinion but write separately to elaborate some on the notion of "plenary jurisdiction."

The trial court relied on Rule 329b(d) of the Rules of Civil Procedure as the source for its "plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."[1] We have previously recognized that Rule 329b(e) is "inapplicable" in a criminal case,[2] and the same should certainly be true for Rule 329b(d).

But we have also recognized that trial courts do have "plenary power" to alter

---

**5.** *See Peacock,* 77 S.W.3d at 287–88 (stating that issue of lack of due diligence must be raised by appellant before or during revocation hearing in order to preserve it for appellate review).

**6.** 993 S.W.2d 660, 662 (Tex.Cr.App.1999).

**7.** *See* Rule of Civil Procedure 2, entitled "Scope of Rules": "These rules shall govern the procedure in the justice, county, and district courts of the State of Texas in all actions of a *civil* nature, with such exceptions as may be hereinafter stated" (emphasis added).

**1.** Tex.R. Civ. Pro. 329b(d).

**2.** *State ex rel. Cobb v. Godfrey,* 739 S.W.2d 47, 49 (Tex.Crim.App.1987).

their orders.[3] The question is, what does this "plenary power" encompass, how long does it last, and does it apply in this case, where the trial court attempted to vacate its previous dismissal order after Donaldson's probation had already expired?

In *State v. Bates*, we acknowledged former Rules of Appellate Procedure 30, 33, and 36, which permitted a trial court "to modify, correct or set aside judgments and orders through motions for new trial, motions to arrest judgment and motions for judgment nunc pro tunc."[4] We noted that Rule 36 in particular vested a court "with the authority to correct mistakes or errors in a judgment or order after the expiration of the court's plenary power, via entry of a judgment nunc pro tunc."[5] The substance of those rules is now located in Rules 21, 22 and 23. Though the phrase "plenary power" is no longer used, the concept is the same: the trial court has some power to act in a case after judgment is entered. But that "plenary power," under the Rules, exists for a limited time.

In *Cobb*, the judge argued that he could grant a motion for new trial outside the 75–day time limit provided in the Rules because of his "plenary power."[6] We rejected this contention, explaining that the former Rule 31(e) required that if a motion for new trial was not ruled on within 75 days, it was overruled by operation of law.[7] Similarly, we held in *Awadelkariem v. State* that a judge may "freely rescind" its ruling on a motion for new trial as long as

he acts within the 75 day time limit provided by the Rules of Appellate Procedure.[8] *Cobb* and *Awadelkariem* make clear that, to the extent that a judge has plenary power over a proceeding, that power is limited by the Rules of Appellate Procedure and by statute. Plenary power does not create jurisdiction where none exists under the law; instead, it is a phrase used to describe "a court's full and absolute power over the subject matter and the parties in a case,"[9] which only exists as defined by statute or rule.

In this case, no statute or rule conferred any jurisdiction on the trial court. The trial court's jurisdiction over Donaldson ceased once Donaldson's probation expired.[10] The judge could not create "plenary jurisdiction" where none existed. As a result, the judge lacked jurisdiction to vacate the prior dismissal order, and Donaldson is entitled to habeas relief.

Finally, even if a trial court's "plenary jurisdiction" could create jurisdiction where none exists and could give a judge authority to rule in a criminal case after the defendant's probation had expired, that jurisdiction would, at the very least, be limited to the trial court's term. In *Williams v. State*,[11] we stated that a trial court has full power over its orders during the term of court in which they are made and may correct or modify them during that term.[12] In *Cardwell v. State*,[13] we stated "that the trial court has jurisdiction of its orders, judgments, and decrees dur-

---

3. *State v. Bates,* 889 S.W.2d 306, 309 (Tex. Crim.App.1994).

4. *Id.*

5. *Id.*

6. *Cobb,* 739 S.W.2d at 48.

7. *Id.* at 48–49.

8. 974 S.W.2d 721, 728 (Tex.Crim.App.1998).

9. BLACK'S LAW DICTIONARY 689 (7th ed. abridged 2000).

10. *See Ex parte Fulce,* 993 S.W.2d 660, 662 (Tex.Crim.App.1999); Art. 42.12.

11. 170 S.W.2d 482, 145 Tex.Crim. 536 (1943).

12. *Williams,* 170 S.W.2d at 486.

13. 44 S.W.2d 681, 682, 119 Tex.Crim. 186 (Tex.Crim.App.1931).

ing the term of court during which the orders, judgments, and decrees were entered, with the power to dispose of them as right and justice might suggest."

So the trial court's power to vacate its order, if it had the power at all, was required to be exercised within the same "term of court." In this case, however, the court's attempt to vacate the dismissal order was not within the same term of court. The dismissal order was entered on April 14, 1999. The Government Code stipulates that in the 31st Judicial District Court of Wheeler County, a new term of court begins on the fourth Monday in April.[14] In this case, then, a new term of court began on April 26, 1999. The trial court's attempt to vacate its dismissal order occurred on May 12, 1999, after the new term of court had begun. As a result, even if the court had plenary power to enter this order, which I doubt, those powers expired on April 25, two and a half weeks before the judge tried to vacate the order.

With these comments, I join the Court's opinion.