MEMORANDUM OPINION




No. 04-02-00810-CR



James C. WALKER,


Appellant



v.



The STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 1992-CR-0173


Honorable Sharon MacRae, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: May 7, 2003


AFFIRMED

 In two issues, James Walker contends the 290th Judicial District Court, Bexar County, Texas,
had no jurisdiction to adjudicate his guilt or revoke his probation because his probationary period had
expired when the trial court acted. Because Walker's appellate issues involve the application of well-settled principles of law, we affirm his conviction in this memorandum opinion under Tex. R. App.
P. 47.4 for the following reasons: 

 1. When the State of Texas transferred responsibility for overseeing the supervision of
Walker to the State of Ohio, pursuant to the Uniform Act for out-of-state probationer and parolee
supervision, jurisdiction over the case remained with the 290th Judicial District Court, Bexar County,
Texas. See Tex. Code Crim. Proc. Ann. art. 42.11, § 2(2) (Vernon 1979) (stating when a state
agrees to accept an out-of-state probationer under the Uniform Act, the receiving state assumes "the
duties of visitation of and supervision over probationers or parolees of any sending State . . . ."); Id.
art. 42.11, § 2(3) ("That duly accredited officers of a sending State may at all times enter a receiving
State and there apprehend and retake any person on probation or parole. . . . The decision of the
sending State to retake a person on probation or parole shall be conclusive upon and not reviewable
within the receiving State; provided, however, that if at the time when a State seeks to retake a
probationer or parolee there should be pending against him within the receiving State any criminal
charge, or he should be suspected of having committed within such State a criminal offense, he shall
not be retaken without the consent of the receiving State until discharged from prosecution or from
any imprisonment for such offense."); Id. art. 42.11, § 2(4) ("That the duly accredited officers of the
sending State will be permitted to transport prisoners being retaken through any and all States party
to this compact, without interference."). Therefore, the 290th Judicial District Court retained
jurisdiction over Walker throughout his probationary period. See id. art. 42.11, § 2.

 2. The record does not support Walker's assertion that the 290th Judicial District Court
discharged Walker from the terms of his community supervision before he completed his entire
probationary term.

 3. A trial court has jurisdiction to revoke probation after the probationary period has expired
if two conditions are met: (1) the State must file with the trial court, before the expiration of the
probationary period, a motion to revoke the probationer's probation; and (2) the trial court must then,
before the expiration of the probationary period, issue a capias for the probationer's arrest. See Ex
parte Donaldson, 86 S.W.3d 231, 232 (Tex. Crim. App. 2002). In this case, however, Walker's
probationary period had yet to expire when the trial court revoked his probation. Here, Walker's
probationary period was set to expire on September 28, 2002. The State filed its motion to revoke
on August 9, 2002, a capias issued for Walker's arrest on August 13, 2002, and the trial court
revoked Walker's probation on September 26, 2002. Thus, because the trial court handed down its
ruling before the expiration of Walker's probationary period, we hold the trial court had jurisdiction
to adjudicate Walker and revoke his probation. 

 Because the trial court had jurisdiction to adjudicate Walker and revoke his probation, both
of Walker's appellate issues are overruled. The trial court's judgment is affirmed. 

 

 Catherine Stone, Justice


Do Not Publish